FULTON COUNTY NATIONAL BANK AND TRUST COMPANY OF GLOVERSVILLE, as Executor, etc., of CONRAD H. GILLEN, Deceased, Respondent, v. HARVEY E. REESE and Another, Defendants, Impleaded with HOMER BAIRD, MABEL E. BAIRD and FULTONVILLE NATIONAL BANK, Appellants.— Plaintiff brought this action to reform the description in a mortgage, to foreclose the same as reformed and to have it declared a lien prior to another mortgage. The mortgagors were not the owners of the property described in the mortgage but were the owners of the lands intended to be covered. Through error the wrong description was inserted in the instrument. Later the premises intended to be mortgaged were deeded to one of defendants and the deed specifically stated that the premises were subject to such mortgage. That defendant admitted that he knew of the existence of the mortgage and he made certain payments of principal and interest thereon. Later he conveyed the premises to his daughter, another defendant, but the deed made no reference to the mortgage. The daughter gave her father a mortgage for $20,000 on the premises, which he later assigned to the defendant bank to secure a past due indebtedness. The trial court held that the mortgage should be reformed and be declared to be a lien prior to the mortgage of the defendant bank. The evidence sustains this determination. Judgment unanimously affirmed, with costs. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

CHRISTINE CHARLES, Respondent, v. ARNOLD L. SCHEUER, Appellant.— Defendant appeals from a judgment entered upon the verdict of a jury in favor of the plaintiff, and from order denying new trial on minutes. The action is to recover the loss on the purchase by the plaintiff of 300 shares of stock bought in 1928 and sold in 1931 under an alleged oral guaranty against loss. The complaint alleges that on the 26th day of September, 1928, the plaintiff and defendant mutually agreed that plaintiff should purchase 300 shares of Southern Railway Company, Mobile and Ohio stock trust certificates; that in consideration thereof the defendant would pay any loss incurred by the plaintiff as the result of such purchase. Plaintiff was to carry the said certificates in a margin account, and the length of time that plaintiff was to carry said certificates was not specified. That plaintiff carried the certificates in a margin account until December 18, 1931, which she alleges was a reasonable time, and that the defendant became obligated to pay plaintiff upon the sale of said certificates the loss incurred. Defendant's answer was a general denial. The matter was fully tried, both plaintiff and defendant were sworn as well as other witnesses and the jury found a verdict in favor of the plaintiff. There was ample evidence to support the verdict for the plaintiff and the judgment and order appealed from should be affirmed. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.