HOMER BAIRD, Appellant, *v.* HARVEY E. REESE and LILLIAN M. REESE, Respondents.

Third Department, January 11, 1939.

*Joseph Greenberg*, for the appellant.

*Ward & Dunkel* [*Harold W. Ward* of counsel], for the respondents.

RHODES, J.   The sole question presented by the appeal is whether the present action is barred by a former adjudication.

The present action at law is to recover $40,000 damages for fraud.   In substance, the complaint alleges that in exchange of properties between the plaintiff and the defendants the defendants conveyed to plaintiff property on Kingsboro avenue in the city of Gloversville; that to induce plaintiff to enter into the transaction defendants represented that the only incumbrance on the property was a mortgage in the sum of $10,000; that in reliance on such fraudulent misrepresentation plaintiff was induced to enter into the agreement whereby he received the deed in question; that in an endeavor to defraud plaintiff and before the delivery of such deed, defendants recorded another mortgage, the one here involved, which was a false and fictitious mortgage for the sum of $10,000 on an adjoining piece of property; that thereafter an action was brought by the holder of such mortgage to reform the same on the ground that by mistake it failed to cover the property conveyed to plaintiff, which it was intended to cover, but that a description of

such property was omitted and the description of other property inserted; that in such action reformation was decreed, resulting in the mortgage constituting an additional lien on plaintiff's Kingsboro avenue property, depriving the plaintiff of any equity therein, because the lien thereon equaled the full value of the property.

The answer of the defendants herein sets forth the prior action and the judgment entered therein; that said action was brought for a reformation and foreclosure of such mortgage and alleges: " That all the issues raised in this action relate to the same subject matters which were litigated or could have been litigated between plaintiff and defendants herein in the previous action and were germane thereto; " and asserts that the matter alleged in the complaint herein has become res judicata.

A motion was thereupon made by the defendants to dismiss the complaint because of the binding effect of the judgment in the previous action resulting in the order dismissing the complaint now before us.

The previous action was brought by the Fulton County National Bank and Trust Company of Gloversville, as executor of the will of Conrad H. Gillen, deceased, the holder of the mortgage, against plaintiff herein and Harvey E. Reese and Lillian M. Reese, defendants herein, and others, and the complaint therein alleged the mistake in the description in such mortgage and demanded judgment of reformation and foreclosure, which was decreed, as already stated. (See 249 App. Div. 702.)

The defendants Harvey E. Reese and Lillian M. Reese defaulted in that action. Homer Baird interposed an answer which, among other things, denied that there was any mistake in the description, denied that it was intended that the mortgage cover the Kingsboro avenue property and that he accepted conveyance of the premises with knowledge of the facts; it also asserted the defense of laches.

In the decision in that action the court found that though Baird did not know that a mistake had been made in the description in the mortgage until long after he had purchased the property from Reese, he did know that there were two $10,000 mortgages against the property at the time of the conveyance to him, there being at that time one other mortgage of $10,000 covering the premises, and that after acquiring the premises, Baird made monthly payments on the mortgage here in question for seven months, until he learned that it did not cover the Kingsboro avenue property.

In the former action the issue of fraud as between the parties herein was not tendered, litigated or adjudicated. Plaintiff now asserts that although the mortgage has been decreed to be valid,

he was defrauded by trickery and by the false statement that no such lien existed against the property.

While the court in the former action held him chargeable with knowledge, the issues actually litigated were wholly different from those here presented, and were between different parties; there the action was in equity to enforce the mortgage; here the action is at law for damages for fraud because of misrepresentation, trickery and deceit as to the lien of the mortgage.

As was pointed out in *Jasper* v. *Rozinski* (228 N. Y. 349), the important fact is that the issues of fraud here presented were neither tendered as an issue, litigated or in any way determined in the former action as between the plaintiff and the defendants here. That case and the case of *Slote* v. *Cascade Holding Corp.* (276 N. Y. 239) are sufficient authority for the proposition that the former judgment is not a bar to this action.

The order should be reversed on the law and facts, with costs, and the motion denied, with ten dollars costs.

McNAMEE, CRAPSER and HEFFERNAN, JJ., concur; HILL, P. J.: I favor a reversal on the ground that the complaint alleges fraud generally in connection with the exchange of the properties. The lien of the mortgage upon the property received by plaintiff, mentioned in the seventh, eighth and ninth paragraphs of the complaint, is determined by *Fulton County Nat. B. & T. Co.* v. *Reese* (249 App. Div. 702), and is binding upon the plaintiff. (*Cohen* v. *Bass, Inc.*, 246 N. Y. 270.)

Order reversed on the law and facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.