FRANK DUNCOVICH, Appellant, v. STEPHEN RIPLEY, Respondent.— Appeal by plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of Montgomery county on September 12, 1940, in favor of the defendant on the verdict of the jury of no cause of action and awarding costs to defendant, and from an order of the trial justice denying the motion by plaintiff to set aside the verdict. The verdict of the jury and the judgment of the trial justice are against the weight of evidence and the judgment and order appealed from should be reversed and a new trial granted. Judgment and order reversed on the law and facts and new trial granted, with costs to appellant to abide the event. Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ., concur.

HOMER BAIRD, Appellant, v. HARVEY E. REESE and LILLIAN M. REESE, Respondents.— Plaintiff has appealed from the judgment of the Fulton Trial Term of the Supreme Court dismissing his complaint. The action is to recover damages for alleged false and fraudulent representations. The facts involved in this action were all litigated and decided in *Fulton County National Bank & Trust Co. of Gloversville* v. *Reese* (249 App. Div. 702). On the present appeal plaintiff makes no claim that the evidence does not sustain the judgment. His sole criticism is that while testifying as a witness the trial judge should have granted him a recess in order that he might consult with his counsel and frame his answers accordingly. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY DEBERNARDO, Appellant, v. WALTER B. MARTIN, as Warden of Clinton Prison at Dannemora, N. Y., Respondent.— Appeal from an order dismissing a writ of habeas corpus entered in the Clinton county clerk's office on July 8, 1940. Appellant pleaded guilty to the crime of robbery, third degree, while armed, and was given an additional five years' sentence. The certificate of conviction so recites. We may not go behind it upon the record here presented as to the fact that appellant was armed. Appellant, however, urges that there is no such crime as robbery, third degree, while armed, citing in support thereof the definitions and degrees of robbery as set forth in the Penal Law. The same situation existed in the case of *People* v. *Krennen* (264 N. Y. 108), and it was held there that an additional sentence was justified; and also that the fact of being armed during the commission of the crime was not a part of the crime itself. Order unanimously affirmed, without costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.