## THIRD DEPARTMENT, MARCH, 1942.
### (March 18, 1942.)

HOMER BAIRD, Appellant, v. HARVEY E. REESE and LILLIAN M. REESE, Respondents.*— Plaintiff has moved to vacate and annul all proceedings in this court in this action and to cancel and revoke the court's decision on such appeal rendered on January 22, 1941 [261 App. Div. 870], and the order of affirmance thereon entered in this court on February 5, 1941. The facts are somewhat unusual. The case was tried before the late Justice Rogers, without a jury, at a Trial Term of Supreme Court held at Johnstown, N. Y., on October 9, 1940. The same facts are present in this case which exist in *Fulton County Bank* v. *Reese* (249 App. Div. 702). In that action the present plaintiff was likewise unsuccessful. After the trial of the case Justice Rogers dismissed the complaint. Shortly thereafter the justice died and no formal judgment was signed by him. However, the plaintiff on November 9, 1940, appealed to this court from the determination of Justice Rogers and in the notice of appeal stated that he appealed from " a judgment entered in open court." The attention of this court was never directed to the fact that no formal judgment was contained in the record. Plaintiff who knew that failed to give that information to the court. Now plaintiff, represented by another lawyer, Myer J. Lavin, has made the motion to which we have referred. In his motion papers he procured from the clerk of the county of Fulton a certificate purporting to show what occurred on the trial. That record is wholly incomplete. It states that the court reserved decision on the motion to dismiss the complaint, whereas at the close of the testimony the judge granted the motion to dismiss the complaint. Lavin was shown this record at the county clerk's office and stated to Miss Patrick, the deputy clerk, to certify only that portion of the record ending with the words, " Decision reserved." The clerk made the certification accordingly. The clerk has now certified the entire proceeding and the certificate shows that the case was dismissed. In a replying affidavit, Lavin charges that Miss

* Modfd., 264 App. Div. ——.

Patrick's affidavit, showing what actually occurred, is false. We do not credit that statement and we are convinced that the attorney has imposed upon this court and is guilty of reprehensible conduct. The motion to vacate the proceeding in this court is denied, with fifty dollars costs to be paid by the attorney personally, and the clerk of the county of Fulton is directed to enter in his office, *nunc pro tunc*, as of October 9, 1940, a judgment dismissing plaintiff's complaint, and the appeal heretofore taken to this court from the " judgment entered in open court " is deemed to be taken from the judgment which this court now directs the clerk to enter, and all papers and proceedings are amended and corrected accordingly. Hill, P. J., Heffernan, Schenck and Foster, JJ., concur; Bliss, J., concurs except as to the imposition of costs against the attorney personally.