THERESA MURPHY et al., Respondents, *v.* ST. CHARLES HOSPITAL, Appellant, et al., Defendant.

Second Department, July 20, 1970.

*Patrick F. Adams (Anthony J. Cincotta* of counsel), for appellant.

*Cooper, Abrams & Herman (Hyman Herman* of counsel), for respondents.

SAMUEL RABIN, J.   The question raised by the instant appeal is whether plaintiff Theresa Murphy's action to recover damages for personal injuries is barred by the three-year Statute of Limitations applicable to malpractice actions (CPLR 214, subd. 6).

On January 18, 1963, a medical device known as a Moore Prosthesis was surgically inserted in plaintiff Theresa's right hip and femur while she was a patient at the defendant hospital in Port Jefferson, New York.   On May 17, 1967, almost four years and four months after its insertion, the device broke, forcing Theresa to undergo surgery for the removal of the fragmented and displaced prosthesis.

Plaintiff Theresa and her husband commenced this action for damages against the defendant hospital on April 16, 1968.   In addition to a general denial, the hospital interposed an affirmative defense that the action was barred by the three-year Statute of Limitations (CPLR 214, subd. 6).   The plaintiffs moved to dismiss this defense.   The hospital cross-moved to dismiss the complaint.   The plaintiffs' motion was granted; the affirmative defense of the Statute of Limitations was dismissed; and the cross motion was denied.

On appeal, the hospital contends: that the plaintiffs' claim is based upon malpractice; that a malpractice cause of action

accrues at the time the negligent act is committed; that the time the instant malpractice action accrued was the date the prosthetic device was inserted (January 18, 1963) and not the date it broke (May 17, 1967); and that, as a result, the three-year Statute of Limitations period applicable to malpractice actions (CPLR 214, subd. 6) bars the plaintiffs' claim. The hospital further contends that the instant case, within the meaning of a recent landmark case, involves, for the purpose of computing the Statute of Limitations, negligent medical treatment, dating from the date of the occurrence, and not a foreign object left in a patient's body, liability whereon dates from time of discovery (*Flanagan* v. *Mount Eden Gen. Hosp.*, 24 N Y 2d 427).

In my opinion the hospital's contention that the plaintiffs' claim is time-barred cannot be sustained in light of a careful analysis of the *Flanagan* decision. In that case, during the course of a 1958 operation, surgical clamps were negligently left in the plaintiff's body. In the spring of 1966 the plaintiff experienced severe pain in her abdominal area and consulted a doctor. On June 10, 1966, an operation was performed to remove the clamps.

In *Flanagan* the surgical clamps were considered as real evidence, lasting, tangible and not as items disappearing or becoming unrecognizable with the passage of time. It was held that, where real evidence exists, the defendant is not called upon to defend against a claim where " ' evidence has been lost, memories have faded, and witnesses have disappeared ' " (*Flanagan* v. *Mount Eden Gen. Hosp.*, *supra*, p. 429).

Where a foreign object is left in a patient's body, it was pointed out that no claim may be made that the patient's action is feigned and frivolous, that the danger of " belated, false or frivolous claims is eliminated " and that the patient's action rests not " on professional diagnostic judgment or discretion " but upon the actual physical presence of the foreign object in her body (*Flanagan* v. *Mount Eden Gen. Hosp.*, *supra*, pp. 430–431). It was concluded, therefore, that a plaintiff's cause of action in a malpractice case involving a " foreign object ", such as the surgical clamps, accrued from the time the " foreign object " (i.e., the real evidence) could reasonably be discovered, rather than from the time of the commission of the negligent act (*Flanagan* v. *Mount Eden Gen. Hosp.*, *supra*, p. 431).

At bar the hospital urges that the *Flanagan* case is inapplicable, on the argument that the instant case is not truly one of a foreign object, since the female plaintiff knew that a device was being inserted into her body on January 18, 1963. In a con-

clusory manner, the hospital contends that the plaintiff's knowledge precludes the prosthesis inserted from being considered as a foreign object, and that, in any event, the wrong committed occurred, if at any time, when the object was inserted, and not four years later when it allegedly broke and was discovered.

In my opinion the "foreign object" in *Flanagan* is akin to the prosthesis at bar, and the plaintiff's knowledge of the insertion of the prosthesis should not deter the extension of the *Flanagan* rationale to the instant case, since both involve the surgical insertion of a medical device. In legal effect, in both cases there is the same minimization of prejudice to a defendant in the preparation of his case because of the availability and identifiability of the real evidence involved and thus in critical part both cases are identical.

Moreover, the plaintiffs' action is timely for reasons apart from the *Flanagan* case. As was correctly noted by the Special Term, the plaintiffs' cause of action could not have accrued before the prosthesis broke because a necessary element of the cause of action—injury—had not yet occurred. Accordingly, the court properly distinguished between a negligent act and a cause of action based on negligence; it is only where the negligent act creates damage or injury that a cause of action comes into being (*Schmidt* v. *Merchants Despatch Transp. Co.,* 270 N. Y. 287).

For the foregoing reasons, the order should be affirmed insofar as appealed from, with $10 costs and disbursements.

CHRIST, P. J., HOPKINS and BRENNAN, JJ., concur; (BELDOCK, P. J., deceased).

Order affirmed insofar as appealed from, with $10 costs and disbursements.