■ JOSEPH WEBER et al., Appellants, v ALAN SCHEER, Respondent.— Order and judgment, Supreme Court, New York County, entered on September 9, 1976 and November 24, 1976, respectively, unanimously affirmed, without costs and without disbursements. This medical malpractice action was brought approximately 9 years after the last treatment and is therefore time-barred under CPLR 214; and plaintiff has not successfully demonstrated that his matter falls within the ambit of cases which extend or toll the Statute of Limitations. Plaintiff claims that a prosthetic device was placed in his ear without his knowledge or consent and that defendant failed to remove it after he found that it no longer served a useful purpose. He places reliance upon *Flanagan v Mt. Eden Gen. Hosp.,* (24 NY2d 427) which held that a surgical tool negligently left in a patient's body tolls the statute until discovery. Here the device was meant to be left in the patient, and there is no claim that it was defective when inserted or was inserted improperly. In *Murphy v St. Charles Hosp.* (35 AD2d 64), it was held that a "Moore Prosthesis" which was inserted in the patient's hip and which was later found to be defective was a "foreign object" for the purpose of tolling the statute. Distinctions exist between *Murphy (supra),* and the case at bar. The pin in Murphy was defective, here there is no such showing or allegation. In both *Flanagan* and *Murphy* the injuries were the obvious result of the malpractice claimed, and there was no such break in the chain of causal relation as exists here. In considering the time frame and the many causes of meningitis, there would have been numerous possible breaks in any alleged chain of causation. Incidentally, the Legislature amended CPLR 214-a to provide that a "foreign object" (which if left in the patient would toll the statute) should not include prosthetic devices. Though the amendment does not apply here, the implied legislative intent is of significance to the court, and is declaratory of and confirms existing case law. Accordingly, Special Term was justified in finding the action time-barred. Concur—Lupiano, J.P., Silverman, Evans and Markewich, JJ.