OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
In this action sounding in strict products liability based on allegations that a thorium dioxide substance manfactured by defendant Testagar, Inc., and injected into decedent resulted in the onset of cancer, the cause of action accrued at the time of invasion of decedent’s body, and not at the time the decedent’s cancerous condition became apparent.
In Victorson v Bock Laundry Mach. Co. (37 NY2d 395), we held that the cause of action termed strict products liability accrues as of the date of injury, and inasmuch as such theory of liability is grounded in tort rather than contract, a three-year Statute of Limitations is applicable. Nowhere did the court state, or even suggest, that the social policies upon which the holding in Victorson was predicated might prompt a change in the traditional principle that a cause of action grounded in tort commences as of the date of injury.
It is well established in this State that when chemical compounds are injected into a person’s body, the injury occurs upon the drugs introduction, not when the alleged deleterious effects of its component chemicals become apparent. (Schwartz v Heyden Newport Chem. Corp., 12 NY2d 212, cert den 374 US 808.) Here, plaintiff’s claim being interposed some 20 years after the decedent’s injection — the date of injury — the action is time-barred, irrespective of whether the cause of action is couched in terms of strict products liability.
Nor can we conclude that plaintiff may invoke the so-called "discovery” rule. While in the context of medical malpractice an action may be commenced after discovery of a "foreign object” in the body of a patient (CPLR 214-a; see Flanagan v Mount Eden Gen. Hosp., 24 NY2d 427), it is important to note that, by statute, chemical compounds do not constitute "foreign objects”. We decline the invitation to extend judicially *782 the discovery rule to strict products liability actions. Such matter is best reserved for the Legislature, and not the courts. (Cf. Becker v Schwartz, 46 NY2d 401, 412; Codling v Paglia, 32 NY2d 330, 344-345.)