■ DEAN M. SZAJNA, Appellant, v ELLIS D. RAND et al., Respondents.— In a medical malpractice action, plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County, entered October 19, 1979, which granted defendants' motion pursuant to CPLR 3211 (subd [a], par 5) to dismiss the complaint as barred by the Statute of Limitations. Order and judgment reversed, on the law, with $50 costs and disbursements and motion to dismiss complaint denied. Defendants' time to serve an

answer is extended until 20 days after service upon them of a copy of the order to be entered hereon, together with notice of entry thereof. Contrary to Special Term's conclusion, CPLR 214-a does not apply to those causes of action arising prior to its effective date, July 1, 1975 (L 1975, ch 109, § 37). Consequently, the facts of this case are controlled not by CPLR 214-a, but by prior decisional law. In our opinion, *Murphy v St. Charles Hosp.* (35 AD2d 64) is dispositive of the case at bar. There, reviewing the rationale underlying the creation of the "foreign object exception" in *Flanagan v Mount Eden Gen. Hosp.* (24 NY2d 427), this court concluded that an identity of relevant criteria warranted the extension of this exception to cases involving surgically implanted prosthetic devices. Although the Legislature has since indicated its intent to restrict the *Flanagan* exception and exclude from it prosthetic or fixation devices, as already noted, this restriction is to be applied prospectively from July 1, 1975 and is inapplicable to the case at bar. Therefore, under *Murphy,* which remains a viable interpretation of *Flanagan* for those acts preceding July 1, 1975, insertion of an intra-medullary nail would be within the foreign object exception. The cause of action thus accrued upon discovery of the broken nail and service of process within three years of that discovery was timely. Nor was plaintiff's failure to submit, in opposition to defendants' motion, an affidavit of an individual with personal knowledge of the facts fatal since the facts upon which the Statute of Limitations issue depended were not in dispute. Finally, we note that, as with any other corporation, professional corporations are liable for the actions of their members or officers when acting in these capacities (see Business Corporation Law, § 1505, subd [a]; § 1513; 12 NY Jur, Corporations, § 855, p 389). Damiani, J. P., Margett, O'Connor and Weinstein, JJ., concur.