**Joy KLEIN, Plaintiff-Appellant,**

v.

**DOW CORNING CORPORATION,
Defendant-Appellee.**

**No. 1, Docket 81–7270.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 10, 1981.

Decided Oct. 1, 1981.

Lawrence B. Goldhirsch, New York City (Speiser & Krause, P. C., New York City, of counsel), for plaintiff-appellant.

Steven B. Prystowsky, New York City (Lester, Schwab, Katz & Dwyer, New York City, Allan Fudim, Dennis M. Rothman, New York City, of counsel), for defendant-appellee.

Before LUMBARD, MANSFIELD and VAN GRAAFEILAND, Circuit Judges.

PER CURIAM:

Joy Klein of New York sued Dow Corning, Inc., of Michigan, fourteen years after Dow Corning products were surgically implanted in her breasts but approximately one year after the implants allegedly burst or ruptured. Sitting in diversity jurisdiction, the district court applied New York law,[1] and dismissed the suit on summary judgment as time barred. The court held that the statute of limitations ran from the date of injury, which the court interpreted as the date of implantation. We reverse.

The following facts are asserted by the plaintiff and not contested by the defendant. Dow Corning produced the Silastic Mammary Prosthesis, which was a bag containing a gel. The bag and gel were made of the same silicone synthetic, but the gel was less dense than the bag. Drs. S. W. Scarborough (since deceased) and Hans Wilhelmsen implanted Dow prostheses in plaintiff's breasts on September 30, 1965 at Maryland General Hospital. Plaintiff claims that she was injured when the prostheses burst in April 1978. Surgery to remove the implants was performed in August 1979. Plaintiff filed suit on December 19, 1979 for $10 million in damages on theories of negligence, strict liability and warranty. After dismissing the tort claims as time barred, the district court dismissed the warranty claims because plaintiff was not in privity with Dow and the prostheses were sold in 1967, when New York law still required privity. *Martin v. Julius Dierck Equipment Co.*, 43 N.Y.2d 583, 591, 374

1. Neither party contests the applicability of New York law.

N.E.2d 97, 101, 403 N.Y.S.2d 185, 189 (1978). Plaintiff appeals only from the dismissal of her causes of action alleging negligence and strict liability. Defendant argues that under New York law plaintiff's injuries occurred upon implantation of the prostheses in 1965.

New York law gives product liability plaintiffs three years to assert claims in negligence and strict liability.

CPLR 214(5); *Victorson v. Bock Laundry Co.*, 37 N.Y.2d 395, 335 N.E.2d 275, 373 N.Y.S.2d 39 (1975). Clearly a plaintiff has no claim until injury occurs. If the Dow implants began to injure plaintiff after December 19, 1976, her suit is timely. There is no proof in the record that injury occurred upon implantation. Nor does defendant allege that injury actually occurred upon implantation. Therefore we cannot agree with the district court's conclusion that the statute began to run upon the implantation of the Dow prostheses in 1965.

Our decision is supported by *Murphy v. St. Charles Hospital*, 35 A.D.2d 64, 312 N.Y. S.2d 978 (2d Dept. 1970), holding that where injury was allegedly caused by the breaking of a prosthesis inserted years earlier, "the plaintiff's cause of action could not have accrued before the prosthesis broke because a necessary element of the cause of action— injury—had not yet occurred." 35 A.D.2d at 67, 312 N.Y.S.2d at 980. This rationale is consistent with *Thornton v. Roosevelt Hospital*, 47 N.Y.2d 780, 391 N.E.2d 1002, 417 N.Y.S.2d 920 (1979). *Thornton* held that where plaintiff complained of damage from injection of a toxic chemical, the statute of limitations runs from the date of injection. The district court equated *Thornton's* date of injection with date of implantation here. But in *Thornton*, injection and injury were concurrent. The chemical began its dam-

age immediately. Here damage occurred only when the prostheses burst.[2] That is when plaintiff's claim accrued. To hold otherwise would start the statute running on plaintiff's complaint before she had any injury of which to complain.[3]

Reversed and remanded.

---

**2.** Defendant argues that the distinction between the silicone in the walls of the prosthesis and the silicone gel within is a factual difference not raised below. This is incorrect. Plaintiff clearly argued this distinction in an affidavit opposing summary judgment.

**3.** Litigation regarding infections caused over time by intrauterine devices implanted years ago has led two trial courts to differ on the question of when the statute begins to run. *Compare Stein v. A.H. Robins Co.*, N.Y.L.J. June 23, 1981 at page 6 (Sup.Ct. N.Y. Co.) (statute runs from date of injury) with *Lindsey v. A.H. Robins Co.*, N.Y.L.J. June 30, 1981 at page 11 (Sup.Ct. Westchester Co.) (statute runs from date of implantation).