**Diana M. ROBERTS, Plaintiff,**

v.

**E.R. SQUIBB & SONS, INC., Upjohn Co., Rexall Drug Co., Eli Lilly & Co., and Abbott Laboratories, Defendants.**

**No. 80–CV–943.**

United States District Court, N.D. New York.

July 30, 1982.

Jerome O. Nealon, Binghamton, N.Y., for plaintiff.

Greene, Hershdorfer & Sharpe, Syracuse, N.Y. (Hilbert I. Greene, Syracuse, N.Y., of counsel) and Dewey, Ballantine, Bushby, Palmer & Wood, New York City (Sanford N. Berland, New York City, of counsel), for Lilly.

Kernan & Kernan, Utica, N.Y., for defendant Upjohn; John E. Hunt, Utica, N.Y., of counsel.

Levene, Gouldin & Thompson, Binghamton, N.Y., for defendant Squibb; John J. Carlin, Binghamton, N.Y., of counsel.

## MEMORANDUM–DECISION AND ORDER

McCURN, District Judge.

This is a diversity action to recover for personal injuries allegedly suffered by plaintiff as a consequence of in utero or prenatal exposure to DES, a prescription drug manufactured by defendant Lilly and four other defendants. This matter is before the Court on defendant Lilly's motion to dismiss for 1) failure to prosecute and, 2) insufficient service of process. Also before the Court is defendant Lilly's motion for summary judgment on the ground that the

suit is barred by the applicable statute of limitations.

## STATUTE OF LIMITATIONS

The undisputed chronology upon which defendant Lilly bases its motion for summary judgment follows:

| | |
|---|---|
| November 8, 1960 | Date of plaintiff's birth |
| November 8, 1978 | Date of plaintiff's eighteenth birthday |
| November 24, 1980 | Complaint filed |
| March 16, 1982 | Summons and complaint served on defendant Lilly |

The issue before the Court is whether plaintiff commenced this suit in a timely manner.

It is plain that the limitation period in this diversity case is governed by New York law. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). Section 214 of N.Y. CPLR provides that an action to recover damages for personal injury must be commenced within three years from the date the cause of action accrues. Where the cause of action is premised on plaintiff's exposure to drugs, the statute of limitations begins to run at the time of invasion of the drugs into the body, and not when the subsequent injury becomes apparent. *Thornton v. Roosevelt Hospital,* 47 N.Y.2d 780, 417 N.Y.S.2d 920, 391 N.E.2d 1002 (1979); *Accord, Lindsay v. Ortho Pharmaceutical Corp.,* 637 F.2d 87 (2nd. Cir.1980). However, where as here, the plaintiff was an infant when she was allegedly exposed to DES, the statute did not begin to run until the plaintiff reached eighteen years of age, N.Y. CPLR § 208. Since plaintiff's eighteenth birthday fell on November 8, 1978, the parties agree that she had until November 8, 1981, to commence her suit. The question before the Court is whether state or federal law determines when the action was "commenced." Plaintiff argues that Rule 3 of the Federal Rules of Civil Procedure must be applied to determine when the suit was commenced. Rule 3 provides: "A civil action is commenced by filing a complaint with the Court." Defendant Lilly argues that the question is governed by N.Y. CPLR § 203 which provides in pertinent part:

(b) Claim in complaint. A claim asserted in the complaint is interposed against the defendant or a co-defendant united in interest with him when:

5. *The summons is delivered to the sheriff* of that county outside the city of New York or is filed with the clerk of that county within the city of New York in which the defendant resides, is employed or is doing business, or if none of the foregoing is known to the plaintiff after reasonable inquiry, then of the county in which the defendant is known to have last resided, been employed or been engaged in business, or in which the cause of action arose; or *if the defendant is a corporation, of a county in which it may be served or in which the cause of action arose;* provided that:

(i) the summons is served upon the defendant within sixty days after the period of limitation would have expired but for this provision. (emphasis added)

Subsection (i) effectively extends the statute by two months provided the summons is delivered to the sheriff (or, in this case, the U.S. Marshall) within the three-year period. N.Y. CPLR § 203 (McKinney's Practice Commentaries 1974).

The Supreme Court decision in *Walker v. Armco Steel,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980) is dispositive here. In *Walker,* the Court held:

"There is simply no reason why, in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts by the state statute of limitations should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants. The policies underlying diversity jurisdiction do not support such a distinction between state and federal plaintiffs, and Erie and its progeny do not permit it." *Id.,* at 753, 100 S.Ct. at 1986.

In light of *Walker,* N.Y. CPLR § 203(b)5(i) and not Fed.R.Civ.P. 3 must be applied to the facts of this case. Prior to plaintiff's eighteenth birthday on Novem-

ber 8, 1978, she was an infant under N.Y. CPLR § 208. Under N.Y. CPLR § 214, she had until November 8, 1981, in which to deliver the summons to the U.S. Marshall. Assuming that plaintiff is entitled to the sixty-day extension under § 203(b)5(i), service of the summons would have to have been effected on February 7, 1982, to have been timely. Since Lilly was not served until March 16, 1982, the action is time-barred.

In an attempt to by-pass the *Walker* decision, plaintiff makes an additional argument which merits only brief discussion. Plaintiff's attorney became seriously ill in May 1981. When the statute of limitations expired in November 1981, he was still convalescing. Plaintiff urges this Court to adopt the rule of other jurisdictions which provides: "if a party without any fault of his own has been deprived of his remedy by some superior power, it has been held that the statute will not run while the disability continues, although it is not an exception [enumerated] in this statute," 54 C.J.S. "Limitation of Actions" § 216 at 250–51 (1948), citing *San Francisco Savings Union Bank v. Irwin,* 28 F. 708 (9th Cir.1886). *Accord, Seamans v. Walgren,* 82 Wash.2d 771, 514 P.2d 166 (1973). However, this rule is applied only to *parties.* Counsel in this case merely represents the party and is not one of the parties himself.

Accordingly, defendant Lilly's motion for summary judgment is granted. The motion to dismiss need not be treated.

It is so Ordered.