■ SUZANNE MARTIN, as Executrix of MICHAEL MARTIN, Deceased, Respondent, v EDWARDS LABORATORIES, DIVISION OF AMERICAN HOSPITAL SUPPLY CORPORATION, et al., Appellants. — Order modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Defendants appeal from an order which, after reargument, modified the prior order of the court and reinstated plaintiff's first, second and third causes of action and that

part of plaintiff's fourth cause of action based on negligence and strict product liability. The underlying order had dismissed all causes of action as time barred. On oral arguments, defendants limited their appeal to that part of the order which held timely the fourth cause of action seeking damages for personal injuries. On June 7, 1976 decedent underwent surgery and an artificial teflon aortic valve was implanted in his body to replace a defective heart valve. The prosthesis was manufactured by defendant Edwards Laboratories from parts supplied by the remaining defendants. Decedent died on May 15, 1979, allegedly because of the introduction of teflon particles into his blood stream which ultimately caused cerebral hemorrhage and death. Defendants contend that the causes of action accrued on the date of implant and that inasmuch as the personal injury cause of action was not commenced until May, 1981 it is barred (CPLR 214, subd 5; 210, subd [a]). Special Term held that the causes of action accrued on the date of the injury, i.e., a date when the valve began to "flake" or release teflon particles into the blood stream. On the basis of a medical affidavit submitted on the motion in which a doctor alleged that this failure of the prosthesis could have been within months of death, the court denied the motion to dismiss and held the issue for trial. The order is modified and plaintiff's fourth cause of action seeking damages for personal injuries is dismissed. The causes of action accrued on implantation (see *Thornton v Roosevelt Hosp.*, 47 NY2d 780; see, also, CPLR 214-a; *Steinhardt v Johns-Manville Corp.*, 54 NY2d 1008; *Schwartz v Heyden Newport Chem. Corp.*, 12 NY2d 212). Concur — Doerr, Boomer and Moule, JJ.

Callahan, J., dissents and votes to affirm for the reasons stated at Special Term, Mintz, J. Simons, J. P., not participating. (Appeal from order of Supreme Court, Erie County, Mintz, J. — reinstate causes of action in wrongful death action.) Present — Simons, J. P., Callahan, Doerr, Boomer and Moule, JJ. [112 Misc 2d 93.]