■ COLLEEN RUANE et al., Respondents, v NIAGARA FALLS MEMORIAL MEDICAL CENTER, Appellant, et al., Defendant. — Order unanimously reversed, without costs, motion granted and complaint dismissed. Memorandum: In 1975 plaintiff underwent a surgical procedure at defendant hospital wherein holes were drilled in her skull after which the holes were filled in with burr hole covers which held the craniotomy flap in place. The burr hole covers were provided by the hospital. Plaintiff experienced pain in the cranial area for a number of years and continued to receive treatment from her physician until March, 1980. In May, 1981 she sought further medical consultation and upon the lifting of the cranial flap it was discovered that the burr hole covers were

surrounded by pus which contained staph infection. This action for medical malpractice was commenced in October, 1981 alleging that defendant hospital supplied nonsterile burr hole covers. Defendant moved to dismiss the complaint as barred by the Statute of Limitations. Special Term denied the motion relying upon the exceptions to the customary Statute of Limitations for medical malpractice actions: the continuous treatment doctrine (*Borgia v City of New York,* 12 NY2d 151), imputing to defendant hospital the continuing treatment by plaintiff's physician and the "foreign object" exception (*Flanagan v Mount Eden Gen. Hosp.,* 24 NY2d 427). We conclude that neither exception is applicable. Prior to enactment of CPLR 214-a, a prosthetic device could be deemed a "foreign object" if the device broke after implantation (see, e.g., *Szajna v Rand,* 75 AD2d 617 [broken intramedullary nail]; *Murphy v St. Charles Hosp.,* 35 AD2d 64, cited with approval in *Dobbins v Clifford,* 39 AD2d 1, 3). The rationale for the exception is that the presence of the foreign object is conclusive proof of negligence and thus the danger of belated, false, or frivolous claims is eliminated and the patient's action rests not on "'professional diagnostic judgment'", but on the physical presence of the foreign object (*Murphy v St. Charles Hosp., supra,* p 66, quoting *Flanagan v Mount Eden Gen. Hosp., supra,* pp 430-431). This rationale does not apply to the instant case. The real foreign object is not the burr hole cover which was not broken in any way, but the germs whose source is ambiguous, thus rendering liability unclear and obviating the rationale underlying the foreign object exception. The Court of Appeals has cautioned that, even though the amended CPLR provision which excludes prosthetic devices from the foreign object exception does not apply to pre-July 1, 1975 claims, the Legislature left us no doubt but to conclude that *Flanagan* not be broadened beyond its existing confines (*Matter of Beary v City of Rye,* 44 NY2d 398, 415). We conclude, therefore, that the foreign object exception does not apply to an injury stemming from a burr hole cover allegedly contaminated at the time of implantation. Turning to the continuing treatment exception, the treatment from the physician to plaintiff may not be imputed to the hospital (*McDermott v Torre,* 56 NY2d 399). Plaintiff's complaint is thus time barred and the complaint, as against defendant hospital, must be dismissed. (Appeal from order of Supreme Court, Niagara County, Gossel, J. — dismiss action.) Present — Dillon, P. J., Doerr, Denman, Boomer and Schnepp, JJ.