Ana **GOMEZ, as Mother and Natural Guardian of Marisol Gomez, and Ana Gomez, Individually, Plaintiffs,**

v.

**MAIMONIDES HOSPITAL, the City of New York Department of Health, Dr. John Doe, Kingsbrook Hospital, Elmhurst Hospital, Sunset Health Services, Inc., Park Medical Group, Dr. Eladeas Lagmay, John Doe Pharmaceutical Company, Defendants.**

No. 78 CV 2040.

United States District Court,
E.D. New York.

Feb. 27, 1984.

Jerome Edelman, P.C., Brooklyn, N.Y., for plaintiffs; Shana DeCaro, Brooklyn, N.Y., of counsel.

Bower & Gardner, New York City, for defendant Maimonides Hosp.

F.A.O. Schwarz, Corp. Counsel, New York City, for defendants City of New York Dept. of Health and Elmhurst Gen. Hosp.; Maureen T. Liccione, New York City, of counsel.

Diamond, Rutman & Costello, New York City, for defendant Kingsbrook Medical Center.

Frank E. Maher, P.C., Brooklyn, N.Y., for defendants Sunset Health Services, Inc. and Park Medical Group; Therese M. Martin, New York City, of counsel.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Presently before the Court in this action for personal injuries and loss of services is a series of motions: 1) By defendants Elmhurst General Hospital and the New York City Department of Health (the "City defendants") to dismiss plaintiff's claims for failure to comply with the notice requirements of the New York General Municipal Law; 2) By defendants Sunset Health Services, Inc. ("Sunset") and Park Medical Group ("Park") for summary judgment against plaintiffs and cross-complainants, the City defendants; and 3) By plaintiffs, to discontinue their claims against defendants Maimonides Hospital ("Maimonides") and Kingsbrook Medical Center ("Kingsbrook"). The last motion, being unopposed, is granted.

## Facts

Infant-plaintiff Marisol Gomez suffered an adverse reaction to a DPT (Diptheria, Pertussis and Tetanus) vaccination administered on January 25, 1967 at a New York City Child Health Clinic. As a result, infant plaintiff, who at the time was nearly two years old, became severely mentally retarded.

After the vaccination, the child was in the care of defendant Elmhurst General Hospital ("Elmhurst") for approximately two months, and was treated as an outpatient for an additional year. During July, 1969, she was admitted to defendant Kingsbrook for several weeks of observation. She was treated as an outpatient at defendant Maimonides from 1971 through 1976, except that she was hospitalized at Maimonides for approximately 10 weeks in 1973.

According to plaintiff's answers to interrogatories, infant plaintiff visited Sunset and Park several times in 1973. Sunset and Park's medical records, however, indicate that infant plaintiff was first seen by them in November, 1975, then again in June, 1976. The records indicate that at no time did physicians at Sunset or Park prescribe any medication for infant plaintiff. Affirmation of Therese M. Martin ¶¶ 3–5 (May 6, 1982).

Plaintiffs filed their complaint on September 13, 1978, alleging negligence against all defendants except "John Doe" Pharmaceutical Company, against whom plaintiffs alleged breach of warranty. Summons was returned unexecuted as to defendant Dr. Lagmay, and plaintiffs have never attempted to serve defendant Dr. "John Doe" or defendant "John Doe" Pharmaceutical Company.

In their answers, City defendants, Maimonides, Kingsbrook, Sunset and Park asserted statute of limitations defenses. Additionally, the answers of all defendants except Maimonides contained cross-claims against all other defendants for contribution and/or indemnity.

## Discussion

### I. City Defendant's Motion to Dismiss

City defendants have moved to dismiss plaintiffs' claims as barred by New York General Municipal Law §§ 50–e, –i, (McKinney 1977). For the reasons stated below, the motion is granted.

### A. Infant-Plaintiff's Claim

When plaintiff's claim arises out of an adverse reaction to inoculation with a chemical substance, the claim accrues, for purposes of the statute of limitations, on the date of the inoculation. *Martin v. Edwards Laboratories*, 60 N.Y.2d 417, 469 N.Y.S.2d 923, 927, 457 N.E.2d 1150, 1154 (1983); *Thornton v. Roosevelt Hospital*, 47 N.Y.2d 780, 781, 417 N.Y.S.2d 920, 922, 391 N.E.2d 1002, 1003 (1979) (per curiam). Infant-plaintiff's claim, therefore, accrued on January 25, 1967.

Although infant-plaintiff may have had a claim as of January 25, 1967, certain procedural requirements govern the assertion of that claim against City defendants. Section 50–e of the New York General Municipal Law requires that before a tort action may be maintained against the City, plaintiff must serve a notice of claim upon the City within 90 days after the claim arose. New York General Municipal Law § 50–e(1)(a) (McKinney 1977 & Supp.1983). The notice of claim requirement is a condition precedent to the prosecution of a claim against City defendants. *See Gregory v. City of New York*, 346 F.Supp. 140, 145 (S.D.N.Y.1972).

Infant-plaintiff served no notice of claim upon the City. Subsection 5 of section 50–e, as it existed before September 1, 1975, allowed an infant to apply for permission to file a late notice of claim, provided he did so within one year after the claim arose. L.1945, ch. 694, § 1, as amended L.1959, ch. 814, § 1. The one-year period could not be extended by a court. *Rosenberg v. City of New York*, 309 N.Y. 304, 305, 308, 130 N.E.2d 629, 632 (1955). Thus infant-plaintiff's claim was barred as of January 25, 1968.

In 1975—almost seven years after the claim became barred—the notice of claim provisions were completely overhauled. Section 50–e was amended to provide that application for leave to file a late notice of claim would henceforth be "measured by the time limited for commencement of [the] action by the claimant against the public corporation". L.1976, ch. 745, § 2, *codified in* New York General Municipal Law § 50–e(5) (McKinney 1977). Thus, in the case of an infant-plaintiff, the permissible period for service of late notice of claim is now coextensive with the applicable statute of limitations, including the tolling provision of CPLR 208. *Cohen v. Pearl River Union Free School District*, 51 N.Y.2d 256, 263, 434 N.Y.S.2d 138, 141, 414 N.E.2d 639, 642 (1980).

The amended section 50–e, however, applies only to claims accruing after September 1, 1975. "[T]he amendment does not revive claims that accrued more than one year prior to its effective date." *In re Beary v. City of Rye*, 44 N.Y.2d 398, 413, 406 N.Y.S.2d 9, 14, 377 N.E.2d 453, 458 (1978). Because the claim of infant-plaintiff accrued in 1967 and no notice of claim was ever filed, and because the time to file a late notice of claim has long since expired, the infant-plaintiff's claim against City defendants is dismissed.

**B. The Derivative Claim of Ana Gomez**

City defendants have also moved to dismiss the derivative claim of plaintiff's mother, Ana Gomez, for loss of services and medical expenses.

The mother filed no notice of claim either. Because she is not an infant, she was not entitled to apply for permission to serve a late notice. Her claim is similarly barred. *See McGrath v. Board of Education*, 63 A.D.2d 1046, 405 N.Y.S.2d 798, 799 (3rd Dep't 1978) (derivative claim timebarred for failure to meet notice requirements of § 50–i).

The motion of City defendants to dismiss the derivative claim of plaintiff Ana Gomez is granted. Additionally, the motion of City defendants, made contingent upon their prevailing in this motion, to dismiss their cross-claims against defendants Maimonides, Kingsbrook, Sunset and Park is granted, without prejudice.

**II. Summary Judgment Motion of Defendants Sunset and Park**

Defendants Sunset and Park have moved for summary judgment dismissing plaintiff's complaint;[1] but it is impossible to discern the ground of their motion. The moving papers do not comply with Eastern District Local Rule 3(g) (formerly Local Rule 9(g)),[2] and the moving affidavits contain only the blanket assertion that there are no material issues of fact to be tried.

In opposition to Sunset and Park's motion, plaintiffs assert that summary judgment is premature, because they have not had the opportunity to depose Dr. Eladeas Lagmay, a non-party witness, to ascertain the extent of the treatment rendered by Sunset and Park. Plaintiffs have indicated that they will not oppose a renewed summary judgment motion should the deposition of Dr. Lagmay reveal that Sunset and Park did not contribute to infant plaintiff's condition. Accordingly, the motion for summary judgment is denied, without prejudice to renewal, in compliance with Local

---

1. Because the City's cross-claims against Sunset and Park have been discontinued, there is no reason to consider their summary judgment motions against City defendants.

2. Eastern District Local Rule 3(g) requires:

Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement constitutes grounds for denial of the motion.

The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried.

All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

Rule 3(g), after the deposition of Dr. Lag-may.

To summarize: 1) The motion of City defendants to dismiss plaintiffs' claims is granted as is City defendants' motion to dismiss its own cross-claims against all other defendants; 2) The motion of defendants Sunset and Park for summary judgment against plaintiffs is dismissed without prejudice, and Sunset and Park's motion for summary judgment against City defendants is dismissed as moot; and 3) Plaintiffs' own motion to discontinue their claims against Maimonides and Kingsbrook is granted.

SO ORDERED.