■ Rocco J. Varone, Appellant, v Michael Delman, Respondent. [626 NYS2d 237] —In an action to recover damages for breach of contract and personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Lama, J.), dated November 16, 1993, as granted that branch of the defendant's motion for summary judgment which was to dismiss the second cause of action as barred by the Statute of Limitations.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant doctor performed a colonoscopy on the plaintiff on December 17, 1986. According to the plaintiff, the defendant failed to inform him of a polyp on his colon because of the defendant's failure to properly record, store, or report the results of the colonoscopy.

The plaintiff's complaint included causes of action to recover damages for breach of contract and negligence, respectively. The plaintiff's contention that the second cause of action should be subject to a three-year Statute of Limitations rather than the two and one-half year Statute of Limitations for

medical malpractice actions *(see,* CPLR 214, 214-a) is academic, inasmuch as the plaintiff did not commence the action until December 1992. Contrary to the plaintiff's suggestions, the cause of action accrued in December 1986, rather than when he learned of the polyp's existence in 1990 *(see, Rizk v Cohen,* 73 NY2d 98, 104; *Thornton v Roosevelt Hosp.,* 47 NY2d 780).

As to the defendant's argument that the Supreme Court should have dismissed the cause of action based on breach of contract, we note that the defendant has not filed a cross appeal. To the extent that the defendant impliedly relies on our ability to search the record *(see,* CPLR 3212 [b]), we agree with the Supreme Court's conclusion that the defendant failed to establish prima facie entitlement to judgment as a matter of law *(see generally, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *Zuckerman v City of New York,* 49 NY2d 557, 562). Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.