■ JOHN N. KEARNEY et al., Respondents, v. ATLANTIC CEMENT COMPANY, INC., Appellant. (And One Other Action.) — COOKE, J. Appeals from orders of the Supreme Court at Special Term, entered February 18, 1969 in Albany County, which denied the motions of defendant to dismiss the causes of action asserted in the complaint in each action, pursuant to CPLR 3211 (subd. [a],

par. 5), on the ground that they could not be maintained because of the Statute of Limitations. The first action was commenced by plaintiffs Kearney, owners of an automobile and trailer business, on or about October 25, 1968; the second by Marshall's Garage, Inc., a garage owner, on or about September 20, 1968. Plaintiffs respectively seek a permanent injunction restraining defendant from continuing its alleged nuisance and also damages for injuries to their property sustained for upwards of six years and allege that defendant operates a quarry and cement manufacturing plant in the vicinity of their properties, that defendant's blasting operations have caused loud noises, shocks and vibrations resulting in structural damages to their buildings, that large quantities of dust were produced and carried into and upon their premises and that defendant has refused to abate its operation despite protests and demands made by plaintiffs and others. Contrary to the contentions advanced, defendant had the right to make its motions before service of the answers (CPLR 3211, subd. [e]; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3211.01; Wachtell, New York Practice under the CPLR [2d ed.], p. 169) and this appeal should not be dismissed, since an appeal lies from an order made upon a motion to dismiss a cause of action or a defense under CPLR 3211, whether the motion is granted or denied (CPLR 5701, subd. [a], par. 2, [v]; *Simmons* v. *Capra,* 273 App. Div. 83, 88; *Adreance* v. *Lorentzen,* 269 App. Div. 987; 10 Carmody-Wait 2d, New York Practice, p. 302; cf. *Sirlin Plumbing Co.* v. *Maple Hill Homes,* 20 N Y 2d 401). In instances of continuing trespass or nuisance, the wrong is continuous or recurring and a cause of action accrues for each injury, the wrong being not referable exclusively to the day when the original tort was committed (*509 Sixth Ave. Corp.* v. *New York City Tr. Auth.,* 15 N Y 2d 48, 52; *Meruk* v. *City of New York,* 223 N. Y. 271, 276; *Bly* v. *Edison Elec. Illuminating Co. of New York,* 172 N. Y. 1, 9; *Galway* v. *Metropolitan Elevated Ry. Co.,* 128 N. Y. 132, 152). Although damages are recoverable only to the extent that they were sustained during the three years immediately prior to the commencement of the respective actions (CPLR 214, subd. 4; *Reisert* v. *City of New York,* 174 N. Y. 196, 205; *Bly* v. *Edison Elec. Illuminating Co. of New York, supra,* p. 16; *Colrick* v. *Swinburne,* 105 N. Y. 503, 507–8), plaintiffs are not precluded by the Statute of Limitations from seeking a permanent injunction or damages in the instant actions. The situation in these actions is distinguishable from that in *Hanover Fire Ins. Co.* v. *Morse Dry Dock & Repair Co.,* (207 N. Y. 86) in that, here, the alleged wrongs are continuing. Orders affirmed, with one bill of costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Cooke, J.