OPINION OF THE COURT
Memorandum.
The orders of the Appellate Division should be affirmed, with costs.
Plaintiffs in these actions, asserting injuries caused by the inhalation of asbestos particles, each commenced his action more than four years after their or their decedents’ last employment-related exposure to asbestos. In Schmidt v Merchants Desp. Transp. Co. (270 NY 287), where the plaintiff alleged that the inhalation of dust while in the defendant’s employ caused him to contract the disease known as pneumoconiosis, this court held that the statutory period of limitations began to run when the plaintiff inhaled the foreign substance. This principle was later reaffirmed in Schwartz v Heyden Newport Chem. Corp. (12 NY2d 212, cert den 374 US 808), involving a compound inserted into the plaintiffs’ sinuses for the purpose of making them more perceptible in x-ray examination. Accordingly, if this rule is still controlling, each of the causes of action brought by plaintiffs is barred by the Statute of Limitations. Plaintiffs now urge, however, that the Statutes of Limitations applicable to their cases should not run from the date of the last exposure to the invading substance, but rather from the date on which the asbestos-related disease was or could have been discovered. We are unable to adopt this proposed standard, and we reaffirm the principle announced in Schmidt and followed in Schwartz. Only recently, in Thornton v Roosevelt Hosp. (47 NY2d 780), where it was alleged that a thorium dioxide substance manufactured by the defendant and injected into the deceased plaintiff resulted in the onset of cancer, we held that “the cause of action accrued at the time of invasion of decedent’s body, and not at the time” the condition became apparent. There, we noted that further extension of the limited discovery provision contained within the CPLR (214-a) was a matter best reserved for the Legislature, and *1011 not for the courts. * We believe it to be inappropriate and injudicious to intrude into an area best suited for legislative scrutiny. We have considered plaintiffs’ other contentions and find them to be without merit.

 As the dissent recognizes, the Legislature has acted but has so far gone no further than “Agent Orange” cases.

 In amending CPLR 214, which details the various Statutes of Limitations, the Legislature, at its last regular session, included the following statements in its formal legislative findings: “It was never the intent of the legislature in imposing limitations, to foreclose the citizens of this state from prosecuting legitimate claims, provided such claims are diligently and expeditiously pursued. An exception to the general period of limitation rule is required when the *1012 pathological effect of an injury occurs without perceptible trauma, and the victim is blamelessly ignorant of the cause of the injury” (L 1981, ch 266).
True, in the compromising fashion of legislative bodies (see O’Malley v Macejka, 44 NY2d 530, 533-534), these declarations were made applicable to “Agent Orange” cases alone. But, as with other social catalysts, what it accelerated was a return in this area to the mainstream of legal thought.