■ HAROLD ARANOFF, Respondent, v WINTHROP LABORATORIES, DIVISION OF STERLING DRUGS, INC., Appellant, et al., Defendant. — Order, Supreme Court, Bronx County (Anthony J. Mercorella, J.), entered December 27, 1983, which denied the motion by defendant Winthrop Laboratories for partial summary judgment dismissing so much of the complaint as sought damages for personal injuries resulting from injections received prior to April 22, 1974, as barred by Statute of Limitations, unanimously affirmed, without costs or disbursements. ¶ The action was brought to recover for personal injuries sustained as the result of administrations of parenteral Talwin, an analgesic manufactured by appellant, allegedly administered to plaintiff at various times between February, 1969 and March, 1976. Plaintiff claims that the cumulative effect of the injections resulted in serious personal injuries, including muscular myopathy. The action was commenced on April 22, 1977. Appellant moved for partial summary judgment dismissing so much of each cause of action based upon injuries resulting from injections received more than three years prior to institution of suit (CPLR 214, subd 5). ¶ It is established that in cases involving the injection, ingestion or inhalation of a chemical substance, the operative date for Statute of Limitations purposes is when the chemical compound is injected into, ingested or inhaled by the body. The injury occurs when the drug or compound is introduced, the date of exposure, not when the resulting physical injury manifests itself (*Schwartz v Heyden Newport Chem. Corp.,* 12 NY2d 212, cert den 374 US 808; *Thornton v Roosevelt Hosp.,* 47 NY2d 780; *Schmidt v Merchants Desp. Transp. Co.,* 270 NY 287; *Matter of Steinhardt v Johns-Manville Corp.,* 54 NY2d 1008, cert den 456 US 967). ¶ Recently, in *Martin v Edwards Labs.* (60 NY2d 417, 422), the court distinguished claims involving injection, ingestion and inhalation from those based upon the malfunctioning of a device implanted or inserted in the body, holding, in the latter instance, that the Statute of Limitations "runs from the date of the injury resulting from the malfunction, not necessarily from the date of implantation or insertion." Unlike the cases concerning the injection, ingestion or inhalation of chemical substances, where "the forces of harm are inexorably set in motion when the substance enters and is assimilated into the body", a device implanted or inserted in the body "causes no injury until the product malfunctions." (60 NY2d, at p 427.) ¶ Here, however, we are confronted with a different situation, in that plaintiff seeks to recover for injuries caused by injections, which were administered both within and without the three-year period of limitations but which injuries, plaintiff contends, would not have resulted in the absence of injections administered subsequent to April 22, 1974

and did not result solely from one or more injections administered prior to that date. In essence, it is claimed that the injury resulted from the cumulative effect of injections of Talwin upon the body over the period of time involved. In our view, there are factual issues respecting the cause of the muscular myopathy and other injuries and the effect of accumulated injections over the period involved which require competent medical proof at trial. These cannot be finally resolved upon a motion for summary judgment. Concur — Sandler, J. P., Asch, Silverman, Bloom and Kassal, JJ.