Dominick **GIACOBBE** and Angelina Giacobbe, his wife

v.

**CELOTEX CORPORATION, et al.**

Civ. A. No. 83–2276.

United States District Court, E.D. Pennsylvania.

Dec. 2, 1985.

Timothy C. Bolton, Hal C. Pitkow and Daniel G. Childs, Philadelphia, Pa., for plaintiffs.

John A. Fitzpatrick, Philadelphia, Pa., for Pittsburgh Corning Corp.

Edward Greer and Charles J. Kalinoski, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Philadelphia, Pa., for GAF Corp.

G. Daniel Bruch, Jr., Swartz, Campbell & Detweiler, Philadelphia, Pa., for Pacor, Inc.

Krusen, Evans & Byrne, John Patrick Kelly and Michael O. Connor, Philadelphia, Pa., for Owens-Corning Fiberglas Corp.

Peter P. Liebert, Philadelphia, Pa., for Fibreboard Corp.

Arthur Makadon, Philadelphia, Pa., for Raymark Industries, Inc.

Edmund K. John, West Chester, Pa., for Celotex Corp.

Peter J. Lynch, McCarter & English, Philadelphia, Pa., for Owens-Illinois, Inc.

Joseph H. Foster, White & Williams, Philadelphia, Pa., for H.K. Porter Co. Inc., Southern Textile Corp. and Forty Eight Insulations, Inc.

Fredric L. Goldfein, Ominsky, Joseph & Welsh, P.C., Philadelphia, Pa., for Garlock, Inc.

John F. Ledwith, Philadelphia, Pa., for Keene Corp.

Walter D. Meeley, Philadelphia, Pa., for Nicolet, Inc.

John F. Kent, Philadelphia, Pa., for Armstrong World Industries.

Edward R. Grant, Philadelphia, Pa. by Stuart A. Law, Jr. and Joseph D. Olivieri, for Uniroyal Inc.

Joseph F. Moore, Jr., Philadelphia, Pa. by Thomas McGarrigle, for Celotex Corp., Owens-Corning Fiberglas Corp., Keene Corp., Eagle-Picher Ind., Fibreboard Corp., Owens-Illinois, Inc., H.K. Porter Co., Inc., Pittsburgh-Corning Corp. and Southern Textile Co.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Defendant Owens-Illinois, Inc. has filed a motion for summary judgment with affidavit, deposition and answers to interrogatories attached. As a basis for summary judgment, Owens-Illinois claims that the statute of limitations bars the plaintiffs' claims. Plaintiffs have filed an answer and memorandum of law in opposition to defendant's motion with depositions and answers to interrogatories attached.

Plaintiffs instituted this suit on or about May 12, 1983, seeking damages for personal injuries arising out of Mr. Giacobbe's exposure to asbestos during employment at the Philadelphia Naval Shipyard from 1941 to 1943, and 1965 to the present, and at the New York Naval Shipyard in Brooklyn, New York ("Brooklyn Navy Yard") from 1950 to 1965, and during his service in the United States Navy from 1943 to 1946.

The material facts concerning which there are no genuine issues may be summarized as follows. Mr. Giacobbe worked as a shipfitter trainee at the Philadelphia Naval Shipyard from 1941 to 1943, and was inducted into the Navy in 1943, where he remained until 1946. He served in the Navy as a damage control man, shipfitter, hull technician and general maintenance man aboard the USS Cabot. His duties included keeping the ship in working order. As part of his job, he took pipecovering off pipes, repaired the pipes, ripped off gaskets, and replaced the pipecovering with a temporary insulation.

After his service with the Navy, Mr. Giacobbe worked at the Brooklyn Navy Yard from 1950 through 1965. During this

time, plaintiffs resided in and were citizens of New York.

From 1965 until the present, Mr. Giacobbe worked again at the Philadelphia Naval Shipyard where he started as a shipfitter and is now a general foreman. Plaintiffs are now citizens of and reside in New Jersey. In February, 1983, Mr. Giacobbe was diagnosed as suffering from asbestosis.

Defendant sold and manufactured asbestos-containing products for a period of years, but ceased selling and manufacturing such products on or about April 30, 1958.

In a diversity case, the federal court follows the forum state's choice of law rule to determine the applicable statute of limitations. *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Pennsylvania has a borrowing statute which provides:

> (b) General rule.—The period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this Commonwealth, whichever first bars the claim.

42 Pa.Cons.Stat.Ann. § 5521 (Purdon 1981). A portion of plaintiffs' claim accrued in New York, allegedly from exposure to asbestos-containing products in New York while working and residing in New York. Therefore, because the claim accrued in a foreign forum, the borrowing statute requires that this Court examine the statute of limitations of Pennsylvania and of New York to determine which is shorter.

The Pennsylvania statute of limitations for personal injuries due to negligence or wrongful act is two years. 42 Pa.Cons. Stat.Ann. § 5524 (Purdon Supp.1985). The statute of limitations begins to run from "the time the cause of action accrued." 42 Pa.Cons.Stat.Ann. § 5502 (Purdon 1981). Under Pennsylvania law, "the cause arises where as well as when the final significant event that is essential to a suable claim

occurs." *Mack Trucks, Inc. v. Bendix-Westinghouse Automotive Air Brake Company*, 372 F.2d 18, 20 (3d Cir.1966). Under the law of Pennsylvania, the "discovery rule" provides that the statute of limitations does not begin to run until the plaintiff knew, or in the exercise of reasonable diligence should have known, of his injury. *Ayers v. Morgan*, 397 Pa. 282, 154 A.2d 788 (1959); *Cathcart v. Keene Industrial Insulation*, 324 Pa.Super. 123, 135–36, 471 A.2d 493, 500 (1984). Plaintiffs having not discovered the injury until February 1983, and having filed this claim in May of 1983, the cause of action would be timely if the Pennsylvania two year statute of limitations and the Pennsylvania "discovery rule" applied.

Under New York law, the applicable statute of limitations is three years. N.Y.Civ. Prac.Law § 214 (McKinney's 1972) (three year statute of limitations covers commencement of personal injury actions). However, the New York Court of Appeals has ruled in *Steinhardt v. Johns-Manville Corp.*, 54 N.Y.2d 1008, 430 N.E.2d 1297, 446 N.Y.S.2d 244 (N.Y.1981), *appeal dismissed* 456 U.S. 967, 102 S.Ct. 2226, 72 L.Ed.2d 840 (1982), that the New York statute of limitations in asbestos cases begins to run from the date of plaintiff's last exposure to asbestos and not "from the date on which the asbestos-related disease was or could have been discovered." 54 N.Y.2d at 1010, 430 N.E.2d at 1298–99, 446 N.Y.S.2d at 246.

Although neither the Pennsylvania Supreme Court nor the Third Circuit Court of Appeals have ruled on the applicability of the New York statute in asbestos exposure actions brought in Pennsylvania courts, Judge Takiff of the Philadelphia Court of Common Pleas recently ruled that the Pennsylvania borrowing statute and the *Steinhardt* case are applicable. *Brase v. Owens-Illinois Glass Co.*, No. 1715 (553) (Phila.Ct.Com.Pl. Sept. 23, 1985). In *Brase,* the plaintiff had worked in and had been exposed to asbestos at both the Philadelphia Naval Shipyard and the Brooklyn Navy Yard. The court ruled that in follow-

ing the clear directive of the Pennsylvania borrowing statute, the New York statute of limitations, as well as New York's definition of when a cause of action accrues, governs that portion of the suit based on asbestos exposure at the Brooklyn Navy Yard. *Id.* slip op. at 6. It is our belief that the Supreme Court of Pennsylvania will employ the reasoning of both the *Brase* and the *Steinhardt* cases.

Pursuant to the reasoning of the *Steinhardt* and *Brase* cases, plaintiffs' claim for injuries caused by exposure to asbestos-containing products while working at the Brooklyn Navy Yard from 1950 through 1965 accrued in New York, and the New York statute of limitations began to run from the date of plaintiff's last exposure to asbestos. It is clear that Mr. Giacobbe has not worked at the Brooklyn Navy Yard since 1965. The *Steinhardt* rule, therefore, bars any claim brought by Mr. Giacobbe after 1968 for personal injury arising out of exposure to asbestos during employment at the Brooklyn Navy Yard. Therefore, summary judgment will be entered in favor of the defendant in connection with that portion of plaintiffs' claim which is based on exposure while at the Brooklyn Navy Yard to asbestos-containing products manufactured by Owens-Illinois, Inc.

The Court notes that defendant asserts that since it ceased manufacturing and selling asbestos-containing products in 1958, exposure to its products, therefore, could not occur later than 1958. Any suit brought after 1961, defendant argues, would be time-barred. While this Court agrees that summary judgment in defendant's favor must be granted insofar as exposure at the Brooklyn Navy Yard is concerned, it does not do so on this basis. Instead, as heretofore pointed out, the Court determines that suit brought concerning the Brooklyn Navy Yard exposure is untimely because it was brought more than three years after the date of plaintiff's last exposure to asbestos in New York. *See also Brase, supra,* slip op. at 9.

With respect to the other grounds for summary judgment raised by the defendant, it appears that there are genuine issues of material fact regarding exposure to defendant's asbestos-containing products in Philadelphia between 1941 and 1943, whether or not defendant's asbestos-containing products were on board the USS Cabot while plaintiff was in the Navy from 1943 to 1946, and whether or not plaintiff was exposed to defendant's asbestos-containing products from 1965 to the present, notwithstanding that defendant ceased sale and manufacture of such products in April 1958.

The motion for summary judgment will, therefore, be granted only in connection with plaintiffs' claim based upon exposure at the Brooklyn Navy Yard to the asbestos manufactured and sold by Owens-Illinois, Inc.