**Robert J. CHASE, Plaintiff,**

v.

**CASSIAR MINING CORPORATION and Raybestos-Manhattan, Defendants.**

No. 81–CV–1119.

United States District Court, N.D. New York.

Dec. 3, 1985.

Zwiebel & Brody, P.C., Kingston, N.Y., for plaintiff; Alan S. Zwiebel, of counsel.

O'Connell & Aronowitz, P.C., Albany, N.Y., for defendant Cassiar; Thomas F. Gleason, of counsel.

Morgan, Melhuish, Monaghan, Meyer, Arvidson, Abrutyn & Lisowski, New York City, for defendant Raymark Industries, Inc. [successor in interest to RAYBESTOS–MANHATTAN]; Franklin N. Meyer, of counsel.

### MEMORANDUM–DECISION & ORDER

McCURN, District Judge.

Presently before the court is defendant Cassiar Mining Corporation's motion for partial summary judgment limiting its potential liability to those damages attributable to plaintiff's asbestos exposure within three years of commencing this action. For the reasons discussed below defendant's motion is denied.

### BACKGROUND

The present suit is a diversity action for personal injury arising from plaintiff's exposure to asbestos. Plaintiff Robert Chase worked for Beaver Industries, Inc. from 1954 until April 10, 1979. His job for twenty-five years involved grinding asbestos rock into powder. During his employment, Beaver Industries purchased asbestos from defendants Brinco Mining, Ltd., now Cassiar Mining Corporation, and Raybestos-

Manhattan, now Raymark Industries. Plaintiff is totally disabled from asbestosis and related respiratory problems.

Plaintiff served defendant Cassiar with the present complaint on December 10, 1981. The complaint alleges claims in strict liability, breach of warranty, and negligence. Plaintiff seeks $3 million compensatory damages and $10 million punitive damages. On July 26, 1984, the court granted Cassiar Mining Corporation's motion to assert a cross claim for contribution against co-defendant Raymark Industries. Cassiar now moves for partial summary judgment limiting its potential liability to those damages attributable to plaintiff's exposure within the statute of limitations.

## DISCUSSION

In a diversity action the federal court must apply state substantive law including the state statute of limitations. *Guaranty Trust Co. of New York v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The statute of limitations for personal injury actions in New York is three years. N.Y. Civ.Prac.Law § 214(5) (McKinney 1972 & Supp.1984–85). In an "asbestos case" the action accrues on the date of last exposure. *Steinhardt v. Johns-Manville Corp.,* 54 N.Y.2d 1008, 446 N.Y.S.2d 244, 430 N.E.2d 1297 (1981), *cert. denied,* 456 U.S. 967, 102 S.Ct. 2226, 72 L.Ed.2d 840 (1982).

Cassiar Mining Corporation contends that under New York law its liability is limited to those damages caused by plaintiff's exposure to defendant's asbestos within the three-year limitation period. For this proposition defendant relies on *Steinhardt* and *Schmidt v. Merchants Despatch Transportation Co.,* 270 N.Y. 287, 200 N.E. 824 (1936). Like the present action, *Steinhardt* involved the inhalation of asbestos fibers. *Schmidt* involved the inhalation of dust. In both cases the New York Court of Appeals held that the cause of action accrued at the time that the plaintiff's body was invaded; ie., "from the last date of exposure to the invading sub-

stance". *Steinhardt,* 54 N.Y.2d at 1010–11, 446 N.Y.S.2d 244, 430 N.E.2d 1297. Cassiar focuses on the language in *Schmidt* that injury occurred each moment the dust was inhaled and that the "plaintiff might have begun an action against the defendant immediately after he inhaled the dust which caused the disease". *Schmidt,* 270 N.Y. at 301, 200 N.E. 824. Defendant reads the above cases to mean that each successive exposure to the asbestos creates a separate, actionable injury that begins its own limitation period. According to Cassiar, it can only be held liable for injuries that were caused by exposures during the three years before the present suit was commenced because the limitations period has run on all previous inhalations. Defendant analogizes the present case to New York nuisance actions where damages are limited to the three-year period prior to service of the complaint. *See State of New York v. Schenectady Chemicals, Inc.,* 103 A.D.2d 33, 479 N.Y.S.2d 1010 (3d Dep't 1984); *Kearney v. Atlantic Cement Co.,* 33 A.D.2d 848, 306 N.Y.S.2d 45 (3d Dep't 1969). Cassiar Mining Corporation also cites Alabama case law applying the rule that Cassiar advocates. *See Minyard v. Woodward Iron Co.,* 81 F.Supp. 414 (N.D. Ala.), *aff'd,* 170 F.2d 508 (5th Cir.1948) (dust inhalation); *Garrett v. Raytheon Co., Inc.,* 368 So.2d 516 (Ala.1979) (radiation exposure); *American Mutual Liability Insurance Co. v. Agricola Furnace Co.,* 236 Ala. 535, 183 So. 677 (1938) (dust inhalation).

This court declines to interpret the New York case law as espoused by defendant. Neither *Steinhardt* nor *Schmidt* stand for the proposition which defendant urges this court to adopt. These cases hold only that for purposes of the statute of limitations the action accrues on the date of the last exposure. The New York Court of Appeals never reached the question of damages in either *Steinhardt* or *Schmidt* because it found that the plaintiffs were time barred from asserting an action against the defendants.

The policy for allowing recovery in tort is to make the injured party whole. In a products liability case, the manufacturer that puts an unreasonably dangerous product into commerce is held liable for the injuries caused by its product because the manufacturer is better able than the innocent victim to control its product's safety and it can spread the cost of damages over society. Allowing recovery also serves as an impetus to the defendant and other manufacturers and sellers to act with reasonable care and to ensure that the products they introduce into commerce are reasonably safe. *Codling v. Paglia*, 32 N.Y.2d 330, 340–41, 345, 345 N.Y.S.2d 461, 298 N.E.2d 622 (1973).

The purpose behind a statute of limitations is to give defendants repose at some specified point in time. A defendant thus knows that at some point he cannot be sued for his previous tortious conduct. The statute of limitations is designed to prevent the problem of having to defend a stale claim where the witnesses and evidence may have long since been lost or destroyed or are simply no longer available. *See* 35 N.Y.Jur. Limitations and Laches § 2 (1964). This problem is not present where the tortious conduct is continuous and the action is commenced within the statutory period.

By adopting what has been called a harsh rule concerning the statute of limitations in asbestos cases, New York did not intend to deny asbestos victims recovery for their injuries as long as their actions are timely commenced.[1] The rule in New York is that where the plaintiff sustained injury within the statutory period, he "may recover for any cumulative effect on such injuries that may have resulted from inhalations occurring prior to the three-year period." *Ward v. The Desachem Co.*, 771 F.2d 663, 667 (2d Cir.1985), *citing Aranoff*

*v. Winthrop Laboratories*, 102 A.D.2d 736, 476 N.Y.S.2d 571 (1st Dep't 1984).

Exposure to asbestos is generally recognized to have a cummulative effect. Often the injury is not apparent until years later, and it becomes more severe with time. In the present action plaintiff claims that he was exposed to defendant's asbestos for over twenty-five years including the three years prior to commencing the present action. He contends that he is totally disabled as a result. If plaintiff's exposure within the statutory period caused him injury and aggravated a previous injury from his exposure prior to the three-year period, he is entitled to recover for the cummulative effect.

Defendant's analogy to New York nuisance law is unpersuasive. Nuisance has its roots in "trespass" and traditionally involves injury to property. In the court's opinion, New York's medical malpractice cases, which allow recovery for injury sustained prior to the statutory period if the patient was under continuous treatment by the doctor within the statutory period, provides a closer analogy to the asbestos cases. *See generally McDermott v. Torre*, 56 N.Y.2d 399, 452 N.Y.S.2d 351, 437 N.E.2d 1108 (1982).

Defendant's reliance on outdated Alabama law is also misplaced. Obviously, Alabama law is not controlling in New York, and this court cannot create New York law. Moreover, the Alabama legislature and courts have subsequently rejected the rule defendant advocates. *See* No. 80–566, Acts of Alabama 1980, Ala.Code § 6–2–30 (1975) (adopting date of discovery rule); *Cazalas v. Johns-Manville Sales Corp.*, 435 So.2d 55 (Ala.1983).

Accordingly, defendant's motion for partial summary judgment is denied.

IT IS SO ORDERED.

---

1. The rule that defendant proposes would further restrict inhalation actions and effectively deny victims any cause of action in many cases. For example, in the present action plaintiff's rule would limit defendant's liability to the injury sustained within the four months which plaintiff contends fall within the statute of limitations even though plaintiff claims that he was exposed to defendant's asbestos for over twenty-five years. Moreover, defendant would require plaintiff to prove what injury was attributable to the four-month period. As a practical matter this would be virtually impossible.