**Lewis and Regina POWELL, Plaintiffs,**

v.

**GAF CORP., et al., Defendants.**

**Civ. No. 85–0109.**

United States District Court,
M.D. Pennsylvania,
Third Circuit Division.

Jan. 6, 1986.

---

4. *Id.*

Frank J. DeSanto, DeSanto & DeSanto, Scranton, Pa., Antonio D. Pyle, John W. Pfeifer, Henderson & Goldberg, P.C., Poughkeepsie, Pa., for Powell.

John F. Ledwith, Philadelphia, Pa., for Keene Corp.

J.R. Bialkowski, Bialkowski, Fine, & Bialkowski, Scranton, Pa., for Forty Eight Insulat. Inc.

Peter J. Lynch, McCarter & English, Philadelphia, Pa., for Owens-Illinois, Inc.

R. Kenneth Willman, Alan G. Blandino, Weaver, Willman & Arnold, Pittsburgh, Pa., for Combustion Engineering Inc.

Andrew J. Hailstone, Scranton, Pa., for Eagle-Picher Industries, Inc.

Patrick R. Riley, Egler, Anstandig, Garrett & Riley, Pittsburgh, Pa., for Owens Corning Fiberglas Corp.

J. Scott Brady, Wilkes-Barre, Pa., for Celotex Corp.

Patrick R. Riley, Vincent A. DeFalice, Egler, Anstandig, Garrett & Riley, Pittsburgh, Pa., for Celotex Corp., Eagle-Picher Industries, Inc., Keene Bldg. Products Corp.

Joseph I. Fineman, Philadelphia, Pa., for Empire Ace Insulation Mfg. Corp.

Gerald C. Paris, Diane W. Perer, Ronald R. Jones, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for Owens Corning Fiberglas Corp., Owens-Illinois, Inc.

C. Leon Sherman, Sherman & Picadio, Pittsburgh, Pa., for GAF Corp.

Thomas B.K. Ringe, III, Palmer, Biezup & Henderson, Philadelphia, Pa., for Anchor Packing Co.

William G. Boyle, Pittsburgh, Pa., for Uvalde Rock Asphalt Co.

James E. O'Brien, Jr., Kennedy, O'Brien, McCormack & Mulcahey, Scranton, Pa., for John Crane-Houdaille, Inc.

Richard E. Rush, Thomason, Rhodes & Cowie, Pittsburgh, Pa., for Raymark Industries, Inc.

Mark F. Macdonald, Goldfein & Joseph, Philadelphia, Pa., for Garlock, Inc.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Plaintiffs commenced this diversity action against several defendants on January 25, 1985, alleging that Plaintiff, Lewis Powell ("Powell"), contracted asbestosis as a proximate result of exposure to defendants' asbestos products. Defendant Keene Corporation ("Keene") filed a Motion for Partial Summary Judgment and a supporting brief on June 27, 1985. Keene supplemented its motion by letter dated October 17, 1985. Plaintiffs opposed the motion on November 4, 1985.[1] Reply time having lapsed, the matter is now ripe for disposition. For the reasons set forth below, Keene's Motion for Partial Summary Judgment will be granted.

---

1. Plaintiffs' tardy response apparently is attributable to a delay in service of the motion. *See* Document 42 of the Record.

## DISCUSSION

In its motion, Keene requests that plaintiffs' claims against defendants arising from exposure to asbestos products during Powell's employment in New York be dismissed. *See* Document 34 of the Record at 4. Thus, only plaintiffs' claims resulting from exposure to asbestos in New York are at issue for purposes of the present motion. Plaintiffs' response fails to distinguish those claims based on asbestos exposure in New York from those claims based on asbestos exposure in Pennsylvania.

A party moving for Summary Judgment has the burden of proving that there exists no genuine issue of material fact. *See Scooper Dooper, Inc. v. Kraftco Corp.,* 494 F.2d 840 (3d Cir.1974). In this case, the undisputed facts indicate that Powell worked on four (4) job sites in New York State. *See* Plaintiffs' Brief in Response to Defendant Keene Corporation's Motion for Partial Summary Judgment at Document 48 of the Record. The last "New York exposure" occurred in 1966. *Id.* Accordingly, Keene maintains that plaintiffs' claims arising from exposure to asbestos in New York are barred by New York's three (3) year Statute of Limitations.

A federal court, sitting in diversity cases, follows the forum's choice of law rules to determine the applicable statute of limitations. *Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). Pennsylvania courts ordinarily apply the Pennsylvania Statute of Limitations, but the Pennsylvania Borrowing Statute provides an exception to this general rule. *See Mack Trucks, Inc. v. Bendix-Westinghouse Automotive Air Brake Co.,* 372 F.2d 18 (3d Cir.1966), *cert. denied,* 387 U.S. 930, 87 S.Ct. 2053, 18 L.Ed.2d 992 (1967).

The Pennsylvania Borrowing Statute, 42 Pa.Cons.Stat.Ann. § 5521(b) (Purdon 1981), provides:

> The period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this Commonwealth, whichever first bars the claim.

In order to apply the Borrowing Statute, the court must determine whether plaintiffs' claims based on exposure to asbestos in New York State accrued outside this Commonwealth. *See Ross v. Johns-Manville Corp.,* 766 F.2d 823 (3d Cir.1985).

Plaintiffs aver that "in determining when a cause of action accrues for application of the borrowing statute, Pennsylvania courts are to apply Pennsylvania decisional law." *See* Document 48 of the Record at 4, *citing Prince v. Trustees of the University of Pennsylvania,* 282 F.Supp. 832 (E.D.Pa. 1968). In determining where the cause of action arose, it is recognized that "the cause of action arises where as well as when the final significant event that is essential to a suable claim occurs." *Mack Trucks, Inc. v. Bendix-Westinghouse Automotive Air Brake Co., supra,* at 20. The question then becomes where did the final significant event that is essential to the claim arising out of plaintiff's New York employment occur?

Plaintiffs argue that under Pennsylvania law the cause of action accrued in Pennsylvania and, therefore, the Borrowing Statute does not apply. Keene maintains that plaintiffs' cause of action for injuries resulting from asbestos exposure in New York accrued in New York thereby invoking the Borrowing Statute.

In *Brase v. Owens-Illinois Glass Co.,* No. 1715 (553) slip op. (Philadelphia County; May Term, 1981, September 23, 1985), the court addressed the precise issue before this court and stated, "any '*claim*' attributable to that exposure was one which *accrued* in that state and the period of limitation applicable to it must be determined either by the laws of that state or by the laws of this Commonwealth where the cause of action is now being asserted." *Id.* at 5. Therefore, any claim based on Powell's exposure to asbestos in New York must be said to have accrued in New York for purposes of the Borrowing Statute. *See McKenna v. Ortho Pharmaceutical Corp.,* 622 F.2d 657 (3d Cir.1980), *cert.*

*denied,* 449 U.S. 976, 101 S.Ct. 387, 66 L.Ed.2d 237 (1980); *Avins v. Moll,* 610 F.Supp. 308 (E.D.Pa.1984). Pursuant to the Borrowing Statute, a negligent act occurring in another state accrues in that state despite discovery of the injury in Pennsylvania. A different result would negate the Borrowing Statute's purpose of reducing the number of "foreign" claims asserted in Pennsylvania.

The Borrowing Statute requires application of New York's or Pennsylvania's Statute of Limitations depending on whichever first bars the claim. Pennsylvania utilizes the "discovery rule" in applying its statute of limitations. On the other hand, New York's Statute prescribes a less enlightened rule which, nevertheless, is binding on this court and provides that the statute of limitations commences to run from the date of last exposure. *Steinhardt v. Johns-Manville Corp.,* 54 N.Y.2d 1008, 546 N.Y. S.2d 244, 430 N.E.2d 1297 (1981). In this case, plaintiffs contend that Powell's injury was not discovered until sometime in 1984. Powell's last exposure to asbestos in New York occurred in 1966. The complaint was filed on January 25, 1985, so that the claims are time barred only if New York's three (3) year statute of limitations is applied. Applying New York's Limitation Rule, the court, with some reluctance, must conclude that any claims based solely on exposure to asbestos in New York are time barred.[2] *See Brase v. Owens-Illinois Glass Co., supra.* Accordingly, any claims based only on Powell's exposure to asbestos within New York will be dismissed.

---

**2.** Again, this decision is premised on the fact that New York's Statute of Limitations applies, via the Borrowing Statute, to that portion of this case which is predicated upon injury alleged to have been caused by exposure to asbestos in New York. The court recognizes that this decision may have limited effect in this case when the majority of Powells' exposure to asbestos occurred in Pennsylvania.