OPINION OF THE COURT
Joseph D. Mintz, J.
Defendant Dow Chemical Company (hereinafter Dow) is a manufacturer of, and defendant Air Products and Chemicals, Inc. (hereinafter Air Products) is a distributor of, Ethylene Oxide (hereinafter EtO). Plaintiffs allege injury from exposure to EtO while they were employed by third-party defendants in a plant, no longer in service, in Buffalo, New York.
Defendants Dow and Air Products move for summary judgment seeking, among other relief, the dismissal of (1) the first and second causes of action based in negligence, the third cause of action based in strict products liability (hereinafter the tort causes of action); and (2) the sixth cause of action *903 based in alternative liability, the seventh cause of action based in market-share liability, the eighth cause of action based in enterprise liability and the ninth cause of action (hereinafter the alternate liability causes of action).
The defendant manufacturers and suppliers of EtO and the third-party defendants have submitted extensive answers to interrogatories designed to determine the supplier and manufacturer of each cylinder of EtO used at the Buffalo plant. Supplier records of the plant were provided and traced back in a chain of supply to the manufacturer respecting each delivery of EtO to the plant. For the entire continuous period of alleged exposure, the suppliers, distributors and manufacturers were provided to the parties, together with dates of supply, quantities of EtO manufactured, distributed and delivered, and all supporting invoices. Neither Dow nor Air Products was a manufacturer or distributor of the EtO delivered to the Buffalo plant as provided in the answers to the interrogatories. Plaintiffs claim, however, in response to the motion for summary judgment that Dow EtO, distributed by Air Products, was delivered to the Buffalo plant. Plaintiffs claim that Air Products supplied Dow EtO to the third-party defendants’ plant in King of Prussia, Pennsylvania, and that, on occasion, when the Buffalo plant experienced a shortage of EtO, EtO previously delivered to the King of Prussia plant would be redelivered to the Buffalo plant. Moving defendants deny that such indirect supply was made. Additionally, they argue that even if such indirect supply were made, delivery of EtO would have been no later than early in 1978 (all parties agree no EtO was supplied by Air Products to the King of Prussia plant in 1978 or thereafter), and that plaintiffs’ tort causes of action are time barred.
Additionally, Dow and Air Products move to dismiss the alternate liability causes of action on the grounds that such causes of action, even if recognized in New York, have no application where, as here, the identity of the suppliers and, manufacturers of the EtO during the dates of alleged exposure is known.
TORT CAUSES OF ACTION
The tort causes of action, based in negligence and strict product liability, are governed by CPLR 214. It is conceded by plaintiffs that CPLR 214-c, the Statute of Limitations in exposure cases, such as this one, is inapplicable by virtue of *904 its effective date. Thus, CPLR 214 and the judicial rules of accrual of the tort causes of action in exposure cases under CPLR 214 govern here. It is well established in pre-214-c cases that a tort cause of action based on exposure to an allegedly harmful substance accrues at the date of last exposure to the substance. (Schmidt v Merchants Desp. Transp. Co., 270 NY 287 [1936]; Schwartz v Heyden Newport Chem. Corp., 12 NY2d 212, cert denied 374 US 808 [1963]; Thornton v Roosevelt Hosp., 47 NY2d 780 [1979]; Reis v Pfizer, 48 NY2d 664 [1979]; Matter of Steinhardt v Johns-Manville Corp., 54 NY2d 1008 [1981], cert denied 456 US 967 [1982].) Moving defendants Dow and Air Products argue that the accrual date for purposes of the motion is the last date of alleged exposure to Dow/Air Products EtO. Plaintiffs argue that the accrual date for purposes of the motion is the last date of alleged exposure to any EtO. No reported case has expressly dealt with this precise issue: What is the accrual date for alleged joint tort-feasors in an action based on exposure to a harmful substance?
In various cases throughout the course of the development of the last-date-of-exposure rule, defendants have attempted, by way of partial summary judgment, to limit their liability to exposure to their manufactured or distributed substances during the three years previous to the commencement of the action. Their motions were based upon language in Schmidt (supra) that indicated an accrual of a new cause of action with each exposure. The argument then proceeded that the causes of action thus accrued prior to three years previous to the commencement of the action were time barred. Such motions for partial summary judgment were denied, although the defenses were not dismissed, the courts holding that where the alleged injury was based on a cumulative effect of prolonged exposure, there would be a single accrual date of the date of last exposure. Whether the injury was based on a cumulative effect was considered a material issue for trial. (Aranoff v Winthrop Labs., 102 AD2d 736 [1st Dept 1984]; Chase v Cassiar Min. Corp., 622 F Supp 1027 [ND NY 1985].)* In its analysis, the court in Chase rejected the contention of the moving defendant that an action based upon exposure to a harmful substance was analogous to an action in trespass or nuisance involving a continuing harm, and held that where *905 the substance has a cumulative effect, there is a continuous cause of action, not a series of divisible causes of action. Instead, the court held, an action for exposure to a harmful substance is analogous to an action for medical malpractice, where the patient is under continuing treatment by the physician. In such a case, the cause of action for all incidents of malpractice relating to that treatment accrues at the date of last treatment. (McDermott v Torre, 56 NY2d 399 [1982].)
The decisions in Aranoff (supra) and Chase (supra) are not determinative of the issue presented here. In both of those cases, the moving defendant was the defendant who had manufactured the alleged harmful substance to which plaintiff had been exposed within three years of the commencement of the action. In those cases, the moving defendant was trying to limit liability by dividing continuous exposure to its own product. Here, the moving defendants seek to divide exposure between alleged exposure to their product and alleged exposure to the product of other defendants. Moving defendants do not seek to divide continuous exposure to their own product.
Plaintiffs’ position, that the accrual of the tort causes of action asserted against Dow and Air Products is the date of last exposure to any EtO, requires the court to impute to Dow and Air Products the continuous exposure that continued after the date of the last possible exposure to Dow/ Air Products EtO. In this regard, the analogy to continuous treatment in medical malpractice actions is helpful. In McDermott v Torre (supra) the Court of Appeals refused to impute the continuous treatment by the physician to the laboratory which performed the necessary tests. Similarly, in Manno v Levi (94 AD2d 556 [2d Dept 1983]), the court would not impute the continúous treatment by a physician to the drug manufacturer of the drugs he prescribed, and in Ruane v Niagara Falls Mem. Med. Center (91 AD2d 1176 [4th Dept 1983]), the court would not impute the continuous treatment by a surgeon to the hospital in which the surgery was performed. Finally, a series of cases which questioned whether the continuous treatment of one physician would be imputed to another physician culminated in the view that the continuous treatment would not be imputed absent a nexus between the physicians. (Florio v Cook, 65 AD2d 548 [2d Dept 1978].)
There is no evidence here of any such nexus between Dow and Air Products and the other manufacturer and distributor defendants. Consequently, it would be improper to impute the exposure to EtO manufactured and disturbed by *906 the other defendants to Dow and Air Products for Statute of Limitations purposes. The general rule, that the claim against each defendant is to be examined separately to determine if that claim is time barred (Heller v U. S. Suzuki Motor Corp., 64 NY2d 407 [1985]), applies here. To do otherwise would unfairly distinguish between single tort-feasors and joint tortfeasors, for if the moving defendants had been the only defendants, the claims against them would surely be time barred. Since plaintiffs’ last possible exposure to Dow/Air Products EtO occurred more than three years prior to commencement of the action against the moving defendants, the tort causes of action are time barred.
Plaintiffs urge that such a rule makes the admittedly harsh exposure rule even harsher. This court can only conclude that the Legislature’s enactment of the effective date provisions of CPLR 214-c, and its omission of EtO from the substances under the revival statute was deliberate. It is not up to this court to ameliorate the accrual rule of the Statute of Limitations.
For these reasons, the tort causes of action are dismissed against Dow and Air Products in that they are time barred.
ALTERNATE LIABILITY CAUSES OF ACTION
Plaintiffs allege four causes of action in the complaint which are based on nontraditional theories. The first such cause of action is based upon alternative liability which has its roots in Summer v Tice (33 Cal 2d 80, 199 P2d 1 [1948]), and was discussed by the court in Bichler v Lilly & Co. (79 AD2d 317 [1st Dept 1981], affd 55 NY2d 571 [1982]). The cause of action is predicated on the plaintiffs’ inability to distinguish which of two or more possible tort-feasors committed the tort. It requires that the plaintiff join all possible tort-feasors, and if the plaintiff can show tortious conduct by each of the defendants, shifts the burden of proof on causation to the defendants. Dow and Air Products’ motion for summary judgment dismissing this cause of action should be granted on two grounds. First, in response to this motion, plaintiffs did not come forward with proof that all distributors and manufacturers of EtO were joined. Absent such proof, Dow and Air Products cannot be held on this theory simply because they were joined and other possible tort-feasors were not. Second, even if plaintiffs were successful in proving all the prerequisites of this theory, they would only succeed in shifting the *907 burden of proof to the defendants, who have by interrogatories already identified the manufacturers and distributors of EtO to which plaintiffs were allegedly exposed.
Plaintiffs’ second alternate theory is market-share liability, based upon Sindell v Abbott Labs. (26 Cal 3d 588, 163 Cal Rptr 32, cert denied 449 US 912 [1980]). This theory allows the shift of the burden of proof to the defendants where a substantial share of the suppliers of the substance are joined. If defendants cannot meet their burden, liability may be imposed upon them in proportion to their share of the market. This cause of action has not been recognized in New York and has been specifically rejected in Massachusetts, Louisiana, Wisconsin and North Carolina, and accepted only in California and Washington. In a Florida decision (Celotex Corp. v Copeland, 471 So 2d 533 [Fla 1985]) the court rejected the market-share theory in the instant asbestos litigation since the plaintiff was able to identify , several products and manufacturers. Even if such a theory were recognized in New York, it would not be appropriate here, where the suppliers and products are identified. Furthermore, a shift of burden of proof to the defendants, upon which the theory is predicated, would be ineffectual based upon the proof adduced through the answers to the interrogatories. Therefore, summary judgment dismissing this cause of action is granted.
Plaintiffs’ third alternate theory of liability is based upon enterprise liability which was proposed but not adopted in Hall v DuPont de Nemours & Co. (345 F Supp 353 [ED NY 1972]). It requires a tightly knit industry which delegates its safety duties to its trade association.- Upon such proof, the burden of proof on causation is shifted to the defendants. Aside from its nonadoption by any court to date (see, Nothstein, Toxic Torts [1988 Supp]), this claim is to be dismissed on two grounds. First, there is no evidence brought forward by plaintiffs in response to this summary judgment motion showing that EtO manufacturers and distributors are part of a tightly knit industry which delegated its safety duties to its trade association. Second, burden shifting to defendants again is ineffective where the products and their manufacturers and distributors have been identified by answers to interrogatories.
Plaintiffs’ fourth alternate theory of liability is based upon concerted action, which was the basis of liability in Bichler (supra), although not formally recognized as a cause of action in New York. (Kaufman v Lilly & Co., 65 NY2d 449 [1985].) This court need not rule on whether such a theory is to be *908 recognized, in that moving defendants’ motion can be granted on other grounds. In response to this motion, plaintiffs have come forward with no proof of any conspiratorial action of the moving defendants, or in fact any defendants, of the nature necessary to sustain a cause of action based upon this theory. Furthermore, this cause of action and, indeed, all of the alternate liability Causes of action are simply not appropriate when the identity of products, distribution and manufacture are as precisely documented as they are here. If plaintiffs cannot sustain their burden of proof on the traditional causes of action, given the known identity of product, distributor and manufacture, they will not be able to meet their proof requirements on any of the alternate theories of liability. These causes of action are duplicative of, and superfluous to, the traditional causes of action under the proof circumstances of this case. This is not the appropriate case in which these theories should be tested. For this, and all of the foregoing reasons, the motion for summary judgment dismissing these causes of action is granted. Additionally, under CPLR 3212 (b) allowing the grant of summary judgment to a nonmoving party, these causes of action are dismissed as to all defendants.
For the foregoing reasons, summary judgment dismissing the tort causes of action as to defendants Dow and Air Products, and dismissing the alternate liability causes of action as to all defendants is granted.

 See contra, American Mut. Liab. Ins. Co. v Phillips, 491 So 2d 904 (Ala 1986), where the court, in applying a last exposure rule, disallowed the claim relating to exposure occurring outside the limitations period.