■■■ PAULINE M. SNYDER et al., Appellants, v TOWN INSULATION, INC., et al., Respondents.—Order unanimously affirmed without costs. Memorandum: We affirm for the reasons stated in the memorandum decision of the Judicial Hearing Officer (Moule, J.H.O.). We add only that plaintiffs erroneously rely on certain Court of Appeals cases in support of their argument that the Statute of Limitations began to run upon the last date of exposure (see, Matter of Steinhardt v Johns-Manville Corp., 54 NY2d 1008, 1011, cert denied 456 US 967; Schmidt v Merchants Desp. Transp. Co., 270 NY 287, 298, rearg denied 271 NY 531). Those cases involve the inhalation of deleterious substances at the plaintiff's place of employment; whereas plaintiffs here are alleging injury as a result of the installation of urea-formaldehyde foam insulation in their home.

The Court of Appeals has never enunciated the rationale for the "date of last exposure" rule in employment related cases.

Whether it is based upon the same rationale for the continuous treatment theory applied in malpractice cases or upon the rationale that the duty of the employer does not cease until termination of employment, neither rationale applies to the facts of this case. Here, plaintiffs were not suing a party upon whom they relied for employment. Moreover, they effectively controlled the last date of exposure by remaining in their home and failing to remove the harmful substance, despite their knowledge of its injurious effects. (Appeal from Order of Supreme Court, Erie County, Moule, J.H.O.—Summary Judgment.) Present—Doerr, J. P., Denman, Boomer and Davis, JJ.