■ OLA CONTRACTING COMPANY, INC., Respondent, v GUILD CAPITAL, INC., et al., Appellants. [727 NYS2d 308] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered on or about January 13, 2000, which, inter alia, denied defendants' motion to cancel notices of pendency or lis pendens filed against three separate Bronx properties, unanimously reversed to the extent appealed from, as limited by defendants-appellants' brief, on the law, with costs, defendants' motion granted and any remaining notices of pendency which are the subject of said motion,* vacated.

In denying defendants' motion, the IAS court found unspecified questions of fact which precluded the cancellation of the

---

* The record reflects that the notices of pendency filed against the Needham Avenue and Wilder Avenue properties were vacated on June 9, 1999 and July 8, 1999, respectively, by stipulation of the parties. Thus, the only lis pendens extant appears to be one filed against a vacant lot on Bronxwood Avenue.

notices of pendency. However, a notice of pendency may be filed only when "the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property" (CPLR 6501). Nowhere in the verified complaint, which pleads causes of action for breach of an oral partnership agreement to build two- and three-family houses on the subject properties, specific performance, detrimental reliance, and unjust enrichment, does plaintiff seek to affect the title, possession, use or enjoyment of the subject parcels and it seeks money damages only. Thus, it was improper for plaintiff to file the notices of pendency in the first place and defendants' motion to vacate such notices should have been granted. Concur—Tom, J. P., Andrias, Ellerin, Rubin and Saxe, JJ.

