OPINION OF THE COURT
Wayne P. Saitta, J.
Defendants, 2368 West 12th Street LLC, Michelle Yuan, Shirley Yuan, Cindy Yuan and Kitty Jie Yuan, move this court for an order pursuant to CPLR 3212 for partial summary judgment against the plaintiffs and granting further relief as this court deems just and proper.
Upon reading the notice of motion by Alan T. Schmidlin, Esq., attorney for defendants, Michelle Yuan, Shirley Yuan, Cindy Yuan and Kitty Jie Yuan, (hereinafter defendants), dated February 27, 2009, together with the affirmation of Alan T. Schmidlin, Esq., dated February 27, 2009, together with the affidavit in support of summary judgment of defendant, Michelle Yuan, dated February 27, 2009, and all exhibits annexed thereto; the affirmation in opposition to defendants’ motion for summary judgment by Yimin Chen, Esq., attorney for plaintiffs, Chi Wei Chan and Kwok Wei Chan, dated March 19, 2009, and all
*825 exhibits annexed thereto; and after argument of counsel and due deliberation thereon, defendants’ motion for partial summary judgment is granted in part and denied in part for the reasons set forth below.
Facts
Plaintiffs own a property located at 2370 West 12th Street, Brooklyn, New York. Defendants own an adjacent property located at 2368 West 12th Street, Brooklyn, New York.
The underlying claim seeks removal of a wall and damages as the result of defendants erecting the wall which encroaches upon plaintiffs’ land by four inches. Plaintiffs were in China while construction was ongoing and returned from vacation in China on March 22, 2007. Plaintiffs testified at examinations before trial that the wall was completed when they returned from China but the building was not yet completed.
The original complaint was allegedly filed on April 28, 2008.
Arguments
Defendants argue that RPAPL 611 prevents the plaintiffs from seeking removal of the wall as the encroachment is less than six inches and the action was commenced more than one year from the time the exterior wall was erected. They argue plaintiffs’ remaining claim for damages does not sustain the notice of pendency that has been filed on their property and it should therefore be canceled. Finally defendants argue that the claim for damages should be dismissed as defendants did not own the property next to plaintiffs at the time the encroaching wall was built.
Plaintiffs argue that the commencement of this action was timely as the construction of the house was not complete when they filed this action. Accordingly, they argue that injunctive relief or money damages is warranted, at their election.
Analysis
It is well established that a party moving for summary judgment must make a prima facie showing of entitlement as a matter of law, offering sufficient evidence to demonstrate the absence of any material issue of fact. (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985].) Once there is a prima facie showing, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form to establish material issues of fact which *826 require a trial of action. (Zuckerman v City of New York, 49 NY2d 557 [1980]; Alvarez v Prospect Hosp., 68 NY2d 320 [1986].) However, where the moving party fails to make a prima facie showing, the motion must be denied regardless of the sufficiency of the opposing party’s papers.
A motion for summary judgment will be granted “if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party.” (CPLR 3212 [b].) The “motion shall be denied if any party shall show facts sufficient to require a trial of any issue of fact.” (Id.)
Defendants’ burden on summary judgment is to demonstrate that the erection of the wall was completed more than one year prior to plaintiffs’ commencement of the action.
RPAPL 611 (2) provides that an action to recover real property cannot be maintained
“[w]here the real property consists of a strip of land not exceeding six inches in width upon which there stands the exterior wall of a building erected partly upon said strip and partly upon the adjoining lot, and a building has been erected upon land of the plaintiff abutting on the said wall, unless said action be commenced within one year after the completion of the erection of such wall. But an action may be maintained if commenced within the further period of one year, for the recovery of damages by reason of the erection of such wall, and upon the satisfaction of the judgment for such damages the title of the plaintiff to such strip of land shall thereby be transferred to and vest in the defendant.” (Emphasis added.)
Defendants rely entirely upon plaintiffs’ testimony that the wall was erected when they returned from their trip to China. In their EBT testimony, plaintiffs each stated that the wall on the north side (which was the common boundary between the plaintiffs’ and defendants’ homes) was complete when the plaintiffs returned from vacation. The following is an excerpt from plaintiff Chi Wei Chan’s testimony:
“Q: What did the structure next door to your north look like at that time when you returned from vacation?
“A: It’s brick. It’s already — they already build all the wall, the brick wall next to my building’s wall *827 on the north said [sic] all the way to the roof on top.
“Q: So the wall that is adjacent to your home of this new property was completed when you returned from vacation?
“A: The building is not complete, just the wall.”
Defendants also submit testimony of plaintiff Kwok Wei Chan.
“Q: When you returned from that vacation, were all the exterior walls of the new building next door erected?
“A: Yeah.”
In support of the position that the complaint is timely, plaintiff Chi Wei Chan submits an affidavit which states that
“a construction [sic] of the building located at the Defendants’ property was started around March of 2007 and did not finish until after July of 2007. Said construction caused part of the building including its outer wall encroaching [sic] upon my property and my house, resulting in physical damages to my house.”
Plaintiffs affidavit, however, addresses the completion of the building, where the statute specifically states that the time to file an action runs from the date of the completion of the encroaching wall.
Plaintiffs do not offer any evidence to contradict their EBT testimony that the wall encroaching on their property was completed by the time they returned on March 22, 2007, more than one year prior to the commencement of this action. Thus pursuant to the one-year statute of limitations in RPAPL 611, that part of the complaint that seeks injunctive relief should be dismissed.
Plaintiffs also seek damages from defendants as the result of the encroachment and ongoing trespass. This claim is within the additional year allowed by RPAPL 611 (2).
Defendants argue that they are not liable for damages as they did not own the property at the time the encroaching wall was created.
An encroachment is a continuing trespass and owners are liable for damages for an encroachment for the period they owned the property even if they did not create the encroachment. (New York Tel. Co. v Mobil Oil Corp., 99 AD2d 185 [1st Dept 1984]; Kearney v Atlantic Cement Co., 33 AD2d 848 [3d Dept 1969].) As the Court stated in Kearney, “[i]n instances of *828 continuing trespass or nuisance, the wrong is continuous or recurring and a cause of action accrues for each injury, the wrong being not referable exclusively to the day when the original tort was committed.” (33 AD2d at 849.)
The defendants are liable for damages resulting from the encroachment starting from such time that defendants acquired title to the encroaching property.
It has been generally held that where a cause of action seeking removal of the encroachment is denied, and only a cause of action for money damages for the encroachment remains, the notice of pendency should be cancelled. (Hoffmann Invs. Corp. v Yuval, 33 AD3d 511 [1st Dept 2006]; Ola Contr. Co. v Guild Capital, 285 AD2d 382 [1st Dept 2001].)
These cases cancelled the notice of pendency where the court declined to order the encroachment removed because it found that the burden of the encroachment did not outweigh the significant cost and hardship of its removal from the land.
However, in this case, the plaintiffs’ action came within the provisions of RPAPL 611 (2) which limits the court’s power to order removal of encroachments of less than six inches. This section also provides a specific scheme for monetary damages for such encroachments. If damages for such encroachments are paid to the landowner, the payment of those damages results in the transfer of title to that portion of the land for which damages were paid by operation of law. The potential transfer of title implicates “the title to, or possession, use or enjoyment of, real property.” (CPLR 6501.) Thus, unlike a case where a court simply exercises its discretion not to order an encroachment removed, where an order to remove an encroachment is barred by RPAPL 611 (2), the notice of pendency should remain until the action for damages is completed, as it could result in a transfer of title.
Wherefore defendants’ motion for summary judgment is granted to the extent of dismissing plaintiffs’ cause of action for injunctive relief and denied as to that part of defendants’ motion seeking to cancel the notice of pendency, and denied as to that part of the motion seeking to dismiss plaintiffs’ cause of action for damages.