Carol A. JOHNSON and Larry Johnson, her husband, Plaintiffs,

v.

ELI LILLY AND COMPANY, Defendant.

Civ. A. No. 83–427.

United States District Court, W.D. Pennsylvania.

Sept. 19, 1983.

Harold Gondelman, Thomas Trimm, Gondelman, Baxter, McVerry, Pittsburgh, Pa., for plaintiffs.

Kerry Kearney, Mark Speaker, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

## OPINION AND ORDER

TEITELBAUM, Chief Judge.

The plaintiff initiated the above captioned action against Eli Lilly and Company (Lilly) alleging that Carol A. Johnson was exposed *in utero* to diethylstilbestrol (DES) which eventually caused cancer. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. Lilly has moved this Court for judgment on the pleadings pursuant to Rule 12(c) on the ground that plaintiffs' claims are barred by the statute of limitations. In considering this motion the Court is bound by Pennsylvania's choice of law provisions and the stipulation of the parties to apply the substantive law of New York.

Lilly contends that under New York law a cause of action for hazardous exposure to drugs or chemicals accrues at the time of exposure and not when injury occurs or is discovered, citing *Steinhardt v. Johns-Manville Corp.*, 54 N.Y.2d 1008, 446 N.Y. S.2d 244, 430 N.E.2d 1297 *remittitur amended*, 55 N.Y.2d 802, 447 N.Y.S.2d 437, 432 N.E.2d 139 (1981), *appeal dismissed and cert. denied*, 456 U.S. 967, 102 S.Ct. 2226, 72 L.Ed.2d 840 (1982); *Thornton v. Roosevelt Hospital*, 47 N.Y.2d 780, 417 N.Y.S.2d 920, 391 N.E.2d 1002 (1979); *Schwartz v. Heyden Newport Chemical Corp.*, 12 N.Y.2d 212, 237 N.Y.S.2d 714, 188 N.E.2d 142 *remittitur amended*, 12 N.Y.2d 1073, 239 N.Y.S. 896, 190 N.E.2d 253, *cert. denied*, 374 U.S. 808, 83 S.Ct. 1697, 10 L.Ed.2d 1032 (1963) and *Schmidt v. Merchants Despatch Transp. Co.*, 270 N.Y. 287, 200 N.E. 824 (1936). Plaintiffs contend that this Court is not bound by these holdings because in each of them the Court of Appeals assumed that exposure and injury were concurrent events. Plaintiffs have filed an affidavit by Dr. Bress which states that exposure to DES does not cause an immediate injury but rather causes an injury at some presently unpredictable future time, if at all. Plaintiffs instead urge this Court to follow *Lindsey v. A.H. Robbins Co. Inc.* (Supreme Court 2d Dept.) (January 17, 1983).

Were plaintiffs' argument being addressed to this Court as a matter of first impression, it is quite likely that the Court would conclude that until an injury occurred or was discovered or should have been, the cause of action did not accrue. However, this is not a matter of first impression, nor even one where a change in New York law might be anticipated. Regardless of actual fact, as a matter of New York law, introduction of drugs or chemical compounds is the event starting the injury. *See, Thornton, supra*, 47 N.Y.2d at 787, 417 N.Y.S.2d at 922, 391 N.E.2d at 1003. While this rule of law may rest on an erroneous factual interpretation, dissenting opinions of Judge Fuschberg in both *Thornton* and *Steinhardt*, make clear that the existence of such an error has been argued before, and rejected by, the New York Court of Appeals.

The *Lindsey* case on which plaintiffs rely does not involve a drug or chemical but rather a foreign solid object, a Dalkon Shield, and is distinguishable on that basis. Moreover it is an opinion of only an intermediate appellate court. While it may ultimately be recognized as one incremental step to a change in New York law, it cannot be recognized now as signalling such a change because of the recent holdings of the highest court in New York rejecting, at least for purposes of drugs and chemicals, a discovery rule of injury in determining when a cause of action accrues.

In light of the foregoing analysis of New York law, Lilly is entitled to judgment on the pleadings. Carol A. Johnson's last *in utero* exposure to DES occurred prior to her birth on July 24, 1952. Tolling the statute of limitations during her minority, the three year period of limitations began to run on July 24, 1973 and expired July 24, 1976. The instant suit was not filed until 1983 and is thus barred.

An appropriate order will issue.

### ORDER

AND NOW, September 19, 1983, upon consideration of defendant's motion for judgment on the pleadings pursuant to

Rule 12(c), and in accordance with the foregoing opinion, IT IS HEREBY ORDERED that said motion is granted.