**Carol A. JOHNSON and Larry Johnson, Plaintiffs,**

v.

**ELI LILLY AND COMPANY, Defendant.**

**No. CIV–87–1080T.**

United States District Court, W.D. New York.

July 27, 1988.

---

preme Court alleging that Carol Johnson's mother ingested diethylstilbestrol ("DES") manufactured by Eli Lilly in 1952, and that Carol Johnson has been injured as a result. Eli Lilly removed the action to this Court on the basis of diversity jurisdiction.

The Johnsons now move for partial summary judgment, contending that Eli Lilly is collaterally estopped from disputing certain facts based on the special jury verdict returned in a prior DES case against Eli Lilly. Defendants cross-move for summary judgment dismissing the complaint, contending that plaintiffs are barred from bringing this action under the doctrine of res judicata. I find that plaintiffs are barred from bringing this action under the doctrines of res judicata and collateral estoppel, and, therefore, grant defendants' motion to dismiss the complaint.

## FACTS

Plaintiffs allege that Carol Johnson's mother, Elizabeth Philbin, took DES in 1952 while she was pregnant with Carol Johnson. The prescription written by Mrs. Philbin's physician called for a five milligram dose of an Eli Lilly product known as Enseals Stilbestrol. "Enseals" is a tradename used exclusively by Eli Lilly.

Carol Johnson has been diagnosed as having carcinoma in situ of the cervix, vaginal adenosis with focal dysplasis and typical DES changes in the cervix. She entered the Genesee Hospital on July 6, 1981, and received a total abdominal hysterectomy.

### *Prior Litigation*

On February 23, 1983, the Johnsons commenced a products liability action against Eli Lilly in the United States District Court for the Western District of Pennsylvania based on Mrs. Philbin's ingestion of DES and Carol Johnson's development of cancer. ("*Johnson I*") In an Order dated September 19, 1983, the court granted Eli Lilly's motion to dismiss, finding that the action was barred by the New York statute of limitations which accrued at the time Mrs. Philbin ingested the DES. *Johnson v. Eli Lilly and Co.*, 577 F.Supp. 174 (W.D.Pa.

Learned, Reilly & Learned (Thomas E. Reilly, of counsel), Elmira, N.Y., for plaintiffs.

Nixon, Hargrave, Devans & Doyle (Russell H. Beatie, Jr., David M. Lascell, Sanford N. Berland and Brian C. Wille, of counsel), Rochester, N.Y., for defendant.

## DECISION AND ORDER

TELESCA, District Judge.

## INTRODUCTION

Plaintiffs Carol Johnson and her husband, Larry Johnson ("the Johnsons") commenced this action in New York State Su-

1983), *aff'd*, 738 F.2d 422 (3d Cir.1984), *cert. denied*, 469 U.S. 857, 105 S.Ct. 184, 83 L.Ed.2d 118 (1984).

On December 13, 1986, the Johnsons commenced a second action in the court of Common Pleas for Allegheny County, Pennsylvania. (*"Johnson II"*) The case was removed on January 12, 1987 to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1441. The Johnsons subsequently moved for partial summary judgment, seeking to collaterally estop Eli Lilly from litigating certain issues based upon the verdict in *Bichler v. Eli Lilly and Co.*, Index No. 15600/74 (N.Y.Sup.Ct. Bronx County, July 16, 1979), *aff'd*, 79 A.D.2d 317, 436 N.Y.S.2d 625 (1st Dept.1981), *aff'd*, 55 N.Y.2d 571, 450 N.Y.S.2d 776, 436 N.E.2d 182 (1982). Eli Lilly cross-moved for dismissal on statute of limitations and res judicata grounds.

In a Memorandum Decision and Order dated October 28, 1987, the court denied the Johnsons' motion for summary judgment and granted Eli Lilly's motion to dismiss. The court held that the suit was barred by res judicata because the dismissal of *Johnson I* constituted a decision on the merits. Applying Pennsylvania's borrowing statute and the Pennsylvania accrual date, the judge further found that the suit was barred by the Pennsylvania statute of limitations. However, the court noted that it made no judgment as to whether the New York revival statute served to revive *Johnson I* because no formal motion requesting such relief had been filed. The court then granted Eli Lilly's motion for summary judgment without prejudice to the Johnsons filing a motion to revive *Johnson I*.

While awaiting the decision in *Johnson II*, the Johnsons commenced the present action, (*"Johnson III"*) in New York State Supreme Court. The action was removed to this Court under diversity jurisdiction pursuant to 28 U.S.C. § 1441.

## DISCUSSION

Eli Lilly contends that the Johnsons are barred by the principles of res judicata from bringing the current action because of the adverse decisions in *Johnson I* and *Johnson II*. I will address the res judicata effects of each of these decisions in turn.

### Choice of Law

■  *Johnson I* and *Johnson II* were decisions by federal courts pursuant to diversity jurisdiction. While federal law clearly applies to determine the preclusive effect of a prior federal question judgment, there is a split of authority concerning whether state or federal law determines the res judicata and collateral estoppel effects of a prior diversity judgment. Those courts applying federal preclusion law have emphasized that the rules of claim and issue preclusion define the finality of the federal judgment and are designed to protect that judgment. *See, Petromanagement Corp. v. Acme–Thomas Joint Venture*, 835 F.2d 1329, 1333 (10th Cir.1988); *Harnett v. Billman*, 800 F.2d 1308, 1312–13 (4th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1571, 94 L.Ed.2d 763 (1987); *Aerojet–General Corp. v. Askew*, 511 F.2d 710, 716–17 (5th Cir.), *cert. denied*, 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975); *Silcox v. United Trucking Service, Inc.*, 687 F.2d 848, 852 (6th Cir.1982); *Precision Air Parts, Inc. v. Avco Corp.*, 736 F.2d 1499, 1503 (11th Cir.1984), *cert. denied*, 469 U.S. 1191, 105 S.Ct. 966, 83 L.Ed.2d 970 (1985). In contrast, other courts have determined that preclusion law is substantive, and that the doctrine of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) mandates that state preclusion law be applied in diversity actions. *See, Answering Service, Inc. v. Egan*, 728 F.2d 1500, 1505–06 (D.C.Cir.1984); *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir.), *cert. denied*, 459 U.S. 1087, 103 S.Ct. 570, 74 L.Ed.2d 932 (1982); *Iowa Electric Light & Power Co. v. Mobile Aerial Towers, Inc.*, 723 F.2d 50, 52 (8th Cir. 1983); *Gasbarra v. Park–Ohio Industries, Inc.*, 655 F.2d 119, 122 (7th Cir.1981).

I conclude that the scope and preclusive effect of federal judgments rendered under diversity jurisdiction should be determined in accordance with federal law. The pri-

mary purposes of the preclusion doctrines are to preserve the effectiveness of judgments rendered and to reduce and limit litigation. Where the prior judgment was rendered by a federal court, the interest in protecting that judgment is primarily federal in nature.

The *Erie* doctrine is designed to protect the state's interest in having its substantive law applied in what would otherwise be a state action but for the existence of diversity jurisdiction, and to eliminate the tendency for forum shopping. The application of federal preclusion law to a federal diversity judgment will not undermine either of these interests. The state's interest in having its substantive law applied is fulfilled when state law is applied in the original diversity action. Application of federal preclusion law will simply protect the judgment of the federal court which interpreted and applied state law originally. Similarly, no problem with forum shopping will arise so long as both state and federal courts apply federal preclusion law to all federal judgments regardless of the basis for jurisdiction. I further believe the Second Circuit will find that federal law should govern. As Judge Newman has so aptly stated:

> [T]he Supreme Court has required the federal courts to give state judgments such collateral estoppel and *res judicata* effect as would the courts of the rendering state. This rule applies even where the state judgment adjudicates federal questions. Thus, a state court's power to declare the victor in a particular controversy includes the power to define the scope of the victory. It would seem that federal courts must possess an equivalent power and that federal law should determine the preclusive effect of a federal judgment, without regard to the basis of jurisdiction.

*Gelb v. Royal Globe Insurance Co.*, 798 F.2d 38, 42 n. 3 (2d Cir.1986) *cert. denied,* — U.S. ——, 107 S.Ct. 1608, 94 L.Ed.2d 794 (1987) (citations omitted) (dictum). Therefore, I will apply federal law to determine the preclusive effects of the judgments in *Johnson I* and *Johnson II*.

### Preclusive Effect of Judgment in Johnson I

■ The doctrines of res judicata and collateral estoppel preclude the relitigation of claims and issues that have been previously determined in a valid final judgment. Where there has been a final decision on the merits, the doctrine of res judicata or "claim preclusion" bars further claims by the parties or their privies based on the same cause of action. *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 2209, 60 L.Ed. 2d 767 (1979). While res judicata forecloses all that which might have been litigated previously, the narrower principle of collateral estoppel, or "issue preclusion", "treats as final only those questions actually and necessarily decided in a prior suit." *Id.* 99 S.Ct. at 2213 n. 10.

■ The district court dismissed the claim in *Johnson I* on the grounds that it was barred by the then-applicable New York statute of limitations. A judgment of dismissal for failure to comply with the statute of limitations operates as an adjudication on the merits, unless it is specifically stated to be without prejudice. *P.R.C. Harris, Inc. v. Boeing Co.,* 700 F.2d 894, 896 (2d Cir.) *cert. denied,* 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983). Moreover, the claims in *Johnson I* and *Johnson II* are virtually identical. Thus, the prerequisites for the application of res judicata are met.

■ However, I find that the decision in *Johnson I* does not provide a basis for the application of the res judicata bar. This doctrine "prevents litigation of all grounds for, or defenses to, recovery *that were previously available* to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen,* 99 S.Ct. at 2213 n. 10 (emphasis added). At the time the decision was rendered in *Johnson I,* the New York revivor statute, N.Y.L.1986 c. 682, § 4, which attempts to revive claims based on exposure to certain toxic substances which were previously dismissed or would have been barred on statute of limitations grounds, did not exist. Since that basis for

174

recovery was not available to the plaintiffs in *Johnson I*, that judgment should not bar their action here. While I recognize that a simple change in decisional law does not prevent the application of a res judicata bar, *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981), I believe that the New York revivor statute is more than a mere change in decisional law. It attempts to create a cause of action for a group of individuals where none existed in the past.

Similarly, the doctrine of collateral estoppel does not apply because the issue decided in *Johnson I*—the application of the New York statute of limitations as it then existed—differs substantially from the limitations issue in this case, which involves application of the revivor statute. Thus, I conclude that the judgment in *Johnson I* should not provide a basis for barring the current action.

### Preclusive Effect of Judgment in Johnson II

■ Unlike *Johnson I*, the decision in *Johnson II* was rendered after the New York revivor statute had taken effect. The judgment of dismissal in *Johnson II* rested on two alternative grounds. The court found that the action was barred: (1) by res judicata based on the decision in *Johnson I;* and (2) by the Pennsylvania statute of limitations applicable under the Pennsylvania borrowing statute. The district court's order in *Johnson II* read in pertinent part, "defendant's motion for summary judgment is granted without prejudice to the plaintiffs' filing of a motion to open the judgment [in *Johnson I*]."

This court is bound under the doctrine of collateral estoppel by the district court's determination in *Johnson II* that the decision in *Johnson I* is res judicata even with respect to an action commenced under the revivor statute.

For the bar [of collateral estoppel] to apply (1) the issues in both proceedings must be identical, (2) the issue in the prior proceeding must have been actually litigated and actually decided, (3) there must have been a full and fair opportuni-

ty for litigation in the prior proceeding, and (4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits.

*Gelb v. Royal Globe Insurance Co.*, 798 F.2d at 44 (citation omitted).

The issue to be decided in this proceeding is identical to that decided in *Johnson II*, that is whether the decision in *Johnson I* precludes an action brought on the same facts under the New York revivor statute. Moreover, as the court's decision in *Johnson II* makes clear, that issue was actually litigated, and the court determined that res judicata applied. Plaintiffs do not contend that they did not have a full and fair opportunity to litigate the prior proceeding, and I can discern no procedural irregularities from the record before me.

■ With respect to whether the court's determination on this issue was "necessary" to the judgment, I note that the court provided an alternative ground for dismissal. The court found that the action was barred on statute of limitations grounds under the Pennsylvania borrowing statute. Where a judgment is based upon alternative grounds, the judgment is determinative on both grounds, although either alone would have been sufficient to support the judgment. *Gelb v. Royal Globe Insurance Co.*, 798 F.2d at 45 (2d Cir.1986) (general rule in Second Circuit is that if a court decides a case on two grounds, each is good estoppel); *Williams v. Ward*, 556 F.2d 1143, 1154 (2d Cir.1977) (substantive ground for dismissal has res judicata effect even where decision was also based on alternative grounds not on the merits); *Winters v. Lavine*, 574 F.2d 46, 66 (2d Cir.1978) (judgment is determinative on both alternative grounds); *Magnus Electronics, Inc. v. La Republica Argentina*, 830 F.2d 1396, 1402 (7th Cir.1987) (alternative ground is considered "necessary" for purposes of determining whether res judicata or collateral estoppel applies). Thus, the court's holding in *Johnson II* as to the res judicata effect of the decision in *Johnson I* is considered "necessary" to that

decision for purposes of collateral estoppel.[1]

The final question to be addressed is whether this judgment is sufficiently final and on the merits to permit the application of collateral estoppel. The parties' failure to appeal the judgment does not prohibit the application of res judicata. A judgment need not be "final" and appealable within the meaning of 28 U.S.C. § 1291 in order for collateral estoppel to apply. As the Second Circuit has stated, " 'Finality' in the context [of collateral estoppel] may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again." *Lummus Co. v. Commonwealth Oil Refining Co.*, 297 F.2d 80, 89 (2d Cir. 1961) *cert. denied*, 368 U.S. 986, 82 S.Ct. 601, 7 L.Ed.2d 524 (1962); *see also, Teachers Insurance and Annuity Association of America v. Butler*, 803 F.2d 61, 66 (2d Cir.1986) (judgment final for res judicata purposes on date district court signed judgment even though judgment was not entered until several days later). The court's determination in *Johnson II* was sufficiently final to provide the basis for collateral estoppel in this action. The court determined that the action in *Johnson II* was barred by the preclusive effect of the judgment in *Johnson I* and on statute of limitations grounds. He then ordered the action dismissed with one small but important avenue of relief, the possibility of moving to reopen the action in *Johnson I*.

I also find that the judgment in this action is sufficiently on the merits for application of collateral estoppel. A court's determination of the res judicata implications of a prior judgment must itself be given preclusive effect. *See, Parsons Steel, ʳ ᵎ . v. First Alabama Bank*, 474 U.S. 5ᴧ8, 106 S.Ct. 768, 773, 88 L.Ed.2d 877 (1986) (federal court must give state court resolution of res judicata issue the same preclusive effect it would have had in another court of the same state); *Raffe v. John Doe*, 619 F.Supp. 891, 897 (S.D.N.Y. 1985) (action barred under collateral estoppel and res judicata where federal district court had previously determined action to be barred by prior decisions of the state courts). However, a judgment rendered "without prejudice" is typically considered not to be on the merits, and insufficient to support the application of res judicata. *See, P.R.C. Harris, Inc. v. Boeing Co.*, 700 F.2d at 896. The judgment in *Johnson II* is sufficiently final on the merits to bar all actions by the plaintiffs arising out of the same events except one—a motion to reopen *Johnson I*. The order in *Johnson II* was not a general dismissal without prejudice. Rather, the court carefully defined the scope of its judgment and the preclusive effect it would have. The court's aim in rendering judgment in *Johnson II* was to dismiss that action and to limit the Johnsons' recourse to a motion to reopen the action in *Johnson I*. Where the court has clearly defined the effect of its judgment, I believe that I am obliged to ensure that that judgment is carried out.[2]

WHEREFORE, the motion of defendant Eli Lilly and Company for summary judgment is granted, and the complaint is dismissed without prejudice to the Johnsons' moving to reopen the action commenced by them on February 23, 1983 in the United States District Court for the Western District of Pennsylvania. In light of this dismissal, plaintiffs' motion for a partial sum-

---

1. I also note that the alternative grounds for judgment, the statute of limitations grounds, would arguably support dismissal of this action. However, instead of dismissing the action in full with prejudice on the statute of limitations basis, the court's order dismisses the action *without* prejudice to a motion to reopen *Johnson I*. I am bound to give this alternative holding the same effect that is reflected in the order of judgment, and consider it a dismissal without prejudice to a motion to reopen *Johnson I*. Therefore, any determination as to the res judicata effect of this holding on statute of limitations grounds would mirror my determination on the alternative grounds.

2. Although I disagree with the court's conclusion in *Johnson II*, that does not provide a basis for refusing to apply the bar. "*Res judicata* protects wrong decisions as fully as right ones." *Friarton Estates Corp. v. City of New York*, 681 F.2d 150, 158 (2d Cir.1982); *Federated Department Stores, Inc. v. Moitie*, 101 S.Ct. at 2428.

mary judgment is moot and I make no determination on that motion.

SO ORDERED.